# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:17-CV-74-JTM-PRC |
| | ) |
| CITY OF HAMMOND, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion by Plaintiff for Leave to File an Amended Complaint [DE 48], filed by Plaintiff Denise Szany on February 10, 2018. No response was filed.

In the proposed pleading, Plaintiff seeks to add state law claims against Defendant Garcia. On January 30, 2018, the Court dismissed the federal claim against Defendant Garcia. Plaintiff repleads the dismissed claim—Count I—in her proposed pleading.[1] However, the dismissed claims need not be repleaded to preserve the issue for appeal and, for purposes of economy, *should not* be repleaded. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013); *see also Bastial v. Petren Resources Corp.*, 892 F.2d 680, 683 (7th Cir. 1990) ("It is not waiver—it is prudence and economy—for parties not to reassert a position that the trial judge has rejected."). Therefore, Count I of the proposed amended pleading should be removed.

Plaintiff argues that her claims that remain the same from the previous version of the Complaint can proceed to discovery while her newly asserted claims undergo briefing on an anticipated motion to dismiss. The Court declines to separate the claims into different discovery schedules at this time. At the very least, a motion to bifurcate the discovery process must be filed

---

[1] Plaintiff labels her proposed pleading "Second Amended Complaint for Monetary Relief," but the pleading, if amendment is allowed, will be her *third* amended version of the Complaint.

separately from the instant Motion to Amend. N.D. Ind. L.R. 7-1(a). The Court makes no finding on the likelihood of success of such a motion. Further, to the extent that Plaintiff implies that Defendants need not file responsive pleadings to the claims that remain the same, that position is incorrect. Defendants must file complete answers.

In the caption of the proposed pleading, the title is written as "Szany, Plaintiff, v. Garcia, City of Hammond, Defendants." Federal Rule of Civil Procedure 10(a) mandates that "[t]he title of the complaint must name all the parties." There has already been confusion in this litigation whether Plaintiff is "Christine Szany" or "Denise Szany." Further, Defendant Garcia's name has been written in various documents in this litigation as both "Jamie" and "Jaime." To alleviate this confusion as to the parties, Plaintiff is directed to provide full names for herself and Defendant Garcia.[2]

Lastly, because Defendant Garcia was dismissed from this case and Plaintiff seeks to bring new claims against him, Plaintiff must serve Defendant Garcia pursuant to Federal Rule of Civil Procedure 4.

Based on the foregoing, noting the lack of objection, and finding that justice so requires pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court **GRANTS in part** and **DENIES in part** the Motion by Plaintiff for Leave to File an Amended Complaint [DE 48]. The Court **ORDERS** Plaintiff to file her Third Amended Complaint, *with Count I removed, with full, correct names provided for the parties in the title, and with the heading changed to Third Amended Complaint for Monetary Relief*, along with proposed summons **on or before March 5, 2018**.

---

[2]This is not to say that the parties should be named in the heading of the Complaint, which currently reads "Second Amended Complaint for Monetary Relief." That heading should be changed to "Third Amended Complaint for Monetary Relief" but should not be otherwise changed.

So ORDERED this 27th day of February, 2018.

                                                 s/ Paul R. Cherry
                                                 MAGISTRATE JUDGE PAUL R. CHERRY
                                                 UNITED STATES DISTRICT COURT