# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-74-JTM-PRC<br>) |
| JAIME GARCIA and CITY OF HAMMOND,<br>    Defendants. | )<br>) |

## **OPINION AND ORDER**

This matter is before the Court on a Motion by Plaintiff to Exceed Ten (10) Depositions [DE 87], filed by Plaintiff Denise Szany on November 1, 2018. Defendant City of Hammond (the "City") filed a response on November 12, 2018. Szany filed a reply on November 15, 2018.

In the motion, Szany requests that she be permitted to conduct nineteen depositions in this litigation.[1] Specifically, she wishes to depose the seven witnesses to the event that gave rise to this litigation, two people to whom Szany complained, three people expected to report conduct similar to that of which Szany complains, one officer who asserts knowledge of the event and its investigation, an attorney hired by the City to represent Szany (Szany claims that this hiring was a retaliatory act), five people identified as "Title VII significant witnesses," and Defendant Jamie Garcia. By the Court's count, twenty deponents have been identified, but it is possible that one deponent falls into two of the categories and has been counted twice. Whether a total of nineteen or twenty depositions is requested does not affect the Court's resolution of this motion.

Federal Rule of Civil Procedure 30 provides that, when seeking to take a deposition, "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken." Fed. R. Civ. P. 30(a)(2). In

---

[1] Szany cites no legal basis for her request and asks the Court to act pursuant to its discretion.

ruling on a motion to exceed ten depositions, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.*

The permitted scope of discovery provided by federal rule forecloses irrelevant, disproportional, and unduly burdensome discovery. Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that the Court must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id.* at 26(b)(2)(C).

Regarding the deposition limit, "[a] party seeking to exceed the presumptive limit bears the burden of making a particularized showing of the need for additional depositions." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (quotation marks omitted); *accord San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) ("[C]ourts should not freely grant relief from the limits without a showing of need."). Where there is no stipulation to take the extra depositions, "the party seeking the additional depositions must specify who is to be deposed and the reasons why their testimony is necessary." *San Francisco Health Plan*, 264 F.R.D. at 21. This party must also demonstrate the necessity for each deposition already taken so as not to circumvent the intention of the rule by taking unnecessary depositions first and later seeking leave for necessary depositions. *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482-83 (N.D. Tex. 2001). The additional depositions should be distinguished from each other and from the depositions already conducted by indicating what information will be sought from each deponent. *Thykkuttathil v Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013). At a minimum,

the party should show that the anticipated testimony of each prospective deponent concerns an issue material to the case and is not unreasonably cumulative or duplicative and that the party anticipated such testimony from each deponent already deposed. *Barrow*, 202 F.R.D. at 483-84.

Szany has not made the required showing. First, though some deponents are identified by name, some are not. Szany, in reply, argues that the City must know the intended unnamed deponents, so the City's statement that Szany has not identified the deponents "is an absolute untruth." (Rep. ¶ 4, ECF No. 93). Perhaps the City knows the identity of these individuals, but the Court does not. Szany has not identified the unnamed deponents. Second, Szany has not sufficiently identified the anticipated testimony of all of the deponents and distinguished the depositions from each other. Her motion is denied, though without prejudice.

Additionally, the Court finds the motion premature, as the first ten depositions may reveal the testimony of the intended extra deponents to be duplicative, cumulative, irrelevant, or otherwise outside the scope of discovery. *Cf. MCI Worldcom Network Servs., Inc. v. Atlas Excavating, Inc.*, No. 02 C 4394, 2003 WL 21305465 *1 (N.D. Ill. June 3, 2002) ("[I]nitial depositions may well demonstrate that many of the persons defendant seeks to depose know far less than those deposed and can add nothing to what defendant learns.").

Therefore, the Court hereby **DENIES without prejudice** the Motion by Plaintiff to Exceed Ten (10) Depositions [DE 87]. Plaintiff Denise Szany is given leave to refile the motion after she has conducted ten depositions.

So ORDERED this 29th day of November, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT