# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-74-JTM-PRC |
| ) | |
| JAIME GARCIA and CITY OF HAMMOND, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion by Plaintiff for Sanctions Against Defendant Hammond for Withholding Evidence [DE 88], filed by Plaintiff Denise Szany on November 5, 2018. Defendant City of Hammond (the "City") filed a response on November 12, 2018. Szany did not file a reply.

Szany's motion is just over two pages in length and cites no law, other than a passing reference to Federal Rule of Civil Procedure 37 and a request for the Court to act pursuant to its discretion.[1] In the motion, Szany requests that the City be sanctioned, to include an award of attorney fees, for withholding audio tapes.

## BACKGROUND

Szany represents that her counsel wrote to the City's counsel on October 24, 2018, to request audio recordings, and that the City's counsel responded that he was unaware of any audio or video recording matching Szany's counsel's request, but that he would make inquiries. On October 30, 2018, Szany represents that the parties met and conferred, and that later on October 30, 2018, the City's counsel wrote Szany's counsel to inform him that the requested audio recordings had been obtained and that they were available for Szany's counsel's review. Thus, the

---

[1] The City correctly notes that Szany's motion violates Northern District of Indiana Local Rule 7-1(b)(2) by failing to be accompanied by a brief in support.

discovery at issue was obtained and made available to requesting counsel within one week of the initial request and on the same day as the meet and confer.

Szany states that she served the City with requests for production and the audio was not tendered, but she neither provides the date on which any requests for production were served nor indicates what the text of any particular request for production requested. The City responds that Szany did not specifically request any internal affairs files until August 30, 2018, to which the City served objections on October 1, 2018. The City also filed a motion for protective order regarding these files on October 18, 2018.

Szany also states that a Detective Mosier testified at his deposition that he had provided the requested audio to the City's counsel and Szany's counsel represented that "[t]he undersigned's recollection an interpretation [*sic*] of the what [*sic*] the detective stated is that audio was turned over a long time prior to October 30, 2018." (Mot. Sanctions ¶ 8). Szany's counsel further represented that he would order the deposition transcript and "can attach it" to Szany's reply brief. *Id.* No reply brief was filed.

## ANALYSIS

Federal Rule of Civil Procedure 37 governs motions to compel discovery and motions for sanctions for discovery violations. Rule 37 has six subsections, and the subsections govern the following matters:

Subsection (a): motions to compel,

Subsection (b): sanctions for failure to comply with a Court discovery order,

Subsection (c): sanctions for failure to make admissions under Rule 36 or for failure to make or supplement disclosures under Rule 26,

Subsection (d): sanctions for failure to attend depositions and failure to serve answers, objections, or written responses to interrogatories or requests for inspection,

2

Subsection (e): sanctions for failure to preserve electronically stored information,

Subsection (f): sanctions for failure to participate in framing a discovery plan.

Szany states that she is bringing a motion for sanctions, not a motion to compel. Additionally, because the City has made available the discovery at issue before the filing of the motion, a motion to compel is not appropriate.

None of the five subsections of Rule 37 relating to motions for sanctions provide relief for Szany for the conduct of which she complains. There is no Court order regarding the audio tapes, so subsection (b) does not apply. Subsection (c) does not apply because this matter does not concern the Rule 26 disclosures or a Rule 36 request for admission. The City showed that it provided its written responses and objections to the requests for production, so subsection (d) does not apply. (*See* Def. City's Resp. Ex. A, ECF No. 91-1). Subsections (e) and (f) do not apply because no one asserts either that electronically stored information was not preserved or that the City did not participate in framing the discovery plan.

Thus, the only law cited in the motion for sanctions does not support Szany's request. Szany also asks the Court to act pursuant to its discretion, but the Court finds that the City's actions do not warrant sanctions.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion by Plaintiff for Sanctions Against Defendant Hammond for Withholding Evidence [DE 88].

So ORDERED this 29th day of November, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT