# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY<br>    Plaintiff,<br><br>v.<br><br>JAIME GARCIA and CITY OF HAMMOND,<br>    Defendants. | CAUSE NO.: 2:17-CV-74-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant City of Hammond's Motion for Protective Order [DE 77], filed on October 18, 2018. Plaintiff Denise Szany filed a response on October 28, 2018, and the City of Hammond (the "City") filed a reply on November 5, 2018. For the reasons stated below, the Court takes the motion under advisement and orders the City to submit portions of the internal affairs file for *in camera* review.

## BACKGROUND

In this action, Szany alleges that she and Garcia were both employees of the City and that Garcia physically attacked Szany on the City's property at their place of work. Szany also alleges that the City fosters a work environment in which misconduct toward women is tolerated and that the City has failed to prevent sex-based harassment and sexual harassment. In light of these allegations, Szany brings claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 against the City and state law tort claims against Garcia.

This litigation is currently in the discovery phase. Szany seeks discovery of the City's personnel and internal affairs files for Garcia. The City objects and has filed the Motion for Protective Order seeking (1) permission to redact certain information, (2) an order that it need not produce investigative and disciplinary information for matters other than the event giving rise to

this litigation because those other matters are irrelevant and privileged, and (3) a protective order foreclosing disseminating investigative and disciplinary information to anyone outside of this litigation. The whole motion is taken under advisement, but this Order primarily addresses the City's request regarding the production of investigative and disciplinary information.

**ANALYSIS**

The City argues that Szany's request for Garcia's complete personnel and internal affairs files is overly broad and encompasses irrelevant, disproportional, and privileged information. The scope of discovery is set forth in Federal Rule of Civil Procedure 26(b)(1) and permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The City argues that Szany's broad request for Garcia's entire personnel and internal affairs files is disproportionate to the needs of the case and requests irrelevant information. The City asserts that discovery of the internal affairs file should be limited to only "complaints against Corporal Garcia related to sexual harassment of co-workers in the workplace." (Br. Supp. Mot. Prot. Order, 6, ECF No. 78). The City represents that Szany's complaint against Garcia is the only such complaint in Garcia's files. Szany, on the other hand, argues that "violence and interpersonal conflicts with other officers and citizens" are relevant to her claims. (Resp. 9, ECF No. 84).

The City cites the case of *Ripberger v. Corizon, Inc.*, No. 1:11-cv-01394-TWP-MJD, 2012 WL 4340716, *6 (S.D. Ind. Sept. 20, 2012). In *Ripberger*, the requesting party had agreed to limit her request to complaints of sex discrimination, age discrimination, or retaliation against the

decision-maker who did not hire the requesting party. Though the requesting party sought complaints against the decision-maker's supervisor, the court ruled those complaints irrelevant.

The City also presents *Braud v. Geo Heat Exchangers, LLC.*, 314 F.R.D. 386 (M.D. La. 2016), as instructive. In *Braud*, production of the alleged bad actor's personnel file was limited to performance evaluations, complaints, disciplinary records, and job duties. However, the City maintains that fewer documents should be found relevant here because of factual dissimilarities.

The *Braud* court cites *McCoo v. Denny's Inc.*, 192 F.R.D. 675 (D. Kan. 2000), which held that if the employee whose personnel file is sought "is alleged to have engaged in the discrimination or harassment at issue or played an important role in the employment decision or incident that gives rise to the lawsuit, the personnel file will be considered relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687 (D. Kan. 2000).

Szany states that the City's position is not meritorious, and she underscores that Garcia is not a comparator in this litigation but instead the alleged bad actor. Szany cites only an unpublished 1996 opinion from outside of this judicial circuit in support.

The City has not argued that the *personnel file* is irrelevant, arguing only that portions of the *internal affairs file* are irrelevant. Accordingly, and in light of *McCoo*, the Court finds that the personnel file is relevant. Regarding the internal affairs file, the Court finds a middle path between the two extremes presented to it to be appropriate. Documents and information in the internal affairs file pertaining to any of the following are relevant and proportional to the needs of the case: complaints against or investigations of Garcia for sexual harassment, sexual misconduct, or sexually-motivated violence toward any person; complaints against or investigations of Garcia for violence toward coworkers; and complaints against or investigations of Garcia for any matter

3

complained of by Szany. Though the City asks the Court to set a time period that documents must fall within in order to be relevant, the Court finds that no such temporal restriction should be made.

The Court's analysis does not end here, however, because relevant information may be withheld from discovery if it is privileged. *See Baldridge v. Shapiro*, 455 U.S. 345, 360 (1982). Federal Rule of Evidence 501 provides that claims of privilege are governed by federal common law unless state law supplies the rule of decision, in which case state law applies. If the discovery at issue pertains to both federal and state claims or defenses, federal law applies. *Mem'l Hosp. for McHenry Cty. v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981). Here, the discovery pertains to the federal claims, so federal common law supplies the rule of decision regarding privilege. "A party declining to produce discovery on the grounds that it is privileged has the burden of establishing the existence of the privilege as well as its applicability in the particular situation." *Scott v. City of Peoria*, 280 F.R.D. 419, 421-22 (C.D. Ill. 2011). Further,

> [p]rivileges are construed narrowly and the requirements for establishing privilege are strictly enforced, because privileges are viewed as being in derogation of the search for truth. A privilege is therefore applied only where necessary to achieve its purpose and only where it has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.

*Id.* (citations and quotation marks omitted).

The City asserts that the documents in Garcia's internal affairs file, other than Szany's complaint and the investigation thereof, are protected under a privilege known as the "official information," "law enforcement investigatory," "executive," or "deliberative process" privilege.

As an initial matter, the Court addresses whether all of these titles refer to the same privilege. Though the privileges were united under proposed Federal Rule of Evidence 509 as "official information," *see* Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 183, 251 (1972), the text of the proposed rule and subsequent case law separate the law enforcement investigatory privilege from the executive or deliberative process privilege, *see id.*

4

(separating "intragovernmental opinions or recommendations submitted for consideration in the performance of decisional or policymaking functions" in 509(a)(2)(A) from "investigatory files compiled for law enforcement purposes" in 509(a)(2)(B)); *Davis v. Carmel Clay Schs.*, 282 F.R.D. 201, 205 n.3 (S.D. Ind. 2012), *reconsidered in part on other grounds*, 286 F.R.D. 411 (S.D. Ind. 2012); *U.S. v. Delatorre*, 438 F. Supp. 2d 892, 902 (N.D. Ill. 2006); *Anderson v. Marion Cty. Sheriff's Dept.*, 220 F.R.D. 555, 560-68 (S.D. Ind. 2004); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 444-50 (S.D. Ind. 2003). "Official information privilege," "executive privilege," and "deliberative process privilege" have come to be used synonymously in this circuit. *See, Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1014 n.2 (N.D. Ill. 2016); *Scott*, 280 F.R.D. at 427 n.1; *Evans v. City of Chicago*, 231 F.R.D. 302, 310 (N.D. Ill. 2005); *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000); *cf. Moorhead v. Lane*, 125 F.R.D. 680, 681 (C.D. Ill. 1989) ("Executive Predecisional Deliberative Process Privilege"); *but see Griffin v. City of Milwaukee*, 74 F.3d 824, 829 (7th Cir. 1996) (affirming trial court's conclusion that an investigatory file was protected by the "executive privilege").

Regardless of nomenclature used by other courts, there is a privilege that protects pre-decisional, deliberative documents or communications which "has no place in a Title VII action or in a constitutional claim for discrimination," *Anderson*, 220 F.R.D. at 560 (quoting *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998)), and a privilege that protects law enforcement investigatory files from civil discovery. *Id.* at 563. The City's arguments reveal that it intends to claim protection of its investigatory file under the law enforcement investigatory privilege. The City has not put forth an argument for protection under the deliberative privilege, which, in any event, would be improperly asserted in this case, per *Anderson*.

5

The law enforcement investigatory privilege is qualified, not absolute, and exists "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Id.* (quoting *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998)). Courts weigh ten factors when determining whether the law enforcement investigatory privilege applies:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

(3) The degree to which governmental self evaluations and consequent program improvement will be chilled by disclosure;

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the investigation has been completed;

(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) Whether the plaintiff's suit is nonfrivolous and brought in good faith;

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

*Davis*, 282 F.R.D. at 206; *accord Anderson*, 220 F.R.D. at 563-64; *Jones*, 216 F.R.D. at 444. The Court is unable to evaluate whether the privilege applies to the relevant portions of Garcia's

internal affairs file without first viewing those documents. Therefore, the Court orders submission of the documents for *in camera* review.

## CONCLUSION

Based on the foregoing, the Court hereby **TAKES UNDER ADVISEMENT** the Defendant City of Hammond's Motion for Protective Order [DE 77].

The Court **ORDERS** the City of Hammond to submit to the Court **on or before December 17, 2018**, for *in camera* review, any documents and information in the internal affairs file that the City claims as privileged and that pertain to any of the following: complaints against or investigations of Garcia for sexual harassment, sexual misconduct, or sexually-motivated violence toward any person; complaints against or investigations of Garcia for violence toward coworkers; and complaints against or investigations of Garcia for any matter complained of by Szany. In the event that there are no such documents or information that are claimed as privileged, the Court **ORDERS** the City of Hammond to file a notice of that fact **on or before December 17, 2018**.

So ORDERED this 4th day of December, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT