# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-74-JTM-PRC<br>) |
| JAIME GARCIA and CITY OF HAMMOND,<br>　　　Defendants. | )<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant City of Hammond's Motion for Protective Order [DE 77], filed on October 18, 2018, and on a Motion to Join Defendant, City of Hammond's, Motion for Protective Order and Brief in Support of Protective Order [DE 86], filed by Defendant Jaime Garcia on October 31, 2018. Plaintiff Denise Szany filed a response to the Motion for Protective Order on October 28, 2018, and the City of Hammond (the "City") filed a reply on November 5, 2018. No response to the Motion to Join was filed.

## BACKGROUND

In this action, Szany alleges that she and Garcia were both employees of the City and that Garcia physically attacked Szany on the City's property at their place of work. Szany also alleges that the City fosters a work environment in which misconduct toward women is tolerated and that the City has failed to prevent sex-based harassment and sexual harassment. In light of these allegations, Szany brings claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 against the City and state law tort claims against Garcia.

## ANALYSIS

This litigation is currently in the discovery phase. Szany seeks discovery of the City's personnel and internal affairs files for Garcia. The City objects and has filed the Motion for

Protective Order seeking (1) permission to redact certain information, (2) an order that it need not produce investigative and disciplinary information for matters other than the event giving rise to this litigation because those other matters are irrelevant and privileged, and (3) a protective order foreclosing the dissemination of investigative and disciplinary information to anyone outside of this litigation. Garcia requests to join the City's motion.

On December 4, 2018, the Court issued an Opinion and Order finding that Garcia's personnel file is relevant and that portions of his internal affairs file are relevant. The Court ordered the City to submit the relevant portions of the internal affairs file for *in camera* inspection to decide the issue of privilege. On December 13, 2018, the City submitted the documents for the Court's review, and the Court has reviewed them.

### A. Motion for Protective Order

Federal Rule of Civil Procedure 26 provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Potential limits to discovery that the Court may order include specifying the terms of discovery, forbidding inquiry into certain matters, and limiting the scope of discovery. *Id.* The court has discretion in deciding when a protective order is appropriate and what degree of protection is required, and the party seeking the protective order has the burden of showing that good cause exists for it. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D.Ind.2003).

*1.     Redaction*

The City asks that it be permitted to redact officers' personal identifiers; residential addresses; phone numbers, financial, insurance, benefit, and medical information; family

information (names and addresses of spouse or significant other, parents, and any children); and information identified as suitable for redaction in Federal Rule of Civil Procedure 5.2(a). Szany agrees that medical, salary, insurance, home address, and family member information should not be turned over. Szany does not object to any of the other categories of information that the City asks permission to redact. Therefore, this request is granted.

2. *Production*

The Court's December 4, 2018 Opinion and Order found the following documents to be relevant: Garcia's entire personnel file and documents and information in Garcia's internal affairs file that pertain to (1) complaints against or investigations of Garcia for sexual harassment, sexual misconduct, or sexually-motivated violence toward any person, (2) complaints against or investigations of Garcia for violence toward coworkers, and (3) complaints against or investigations of Garcia for any matter complained of by Szany.

Relevant information may be withheld in discovery if it is privileged. *See Baldridge v. Shapiro*, 455 U.S. 345, 360 (1982). Federal Rule of Evidence 501 provides that claims of privilege are governed by federal common law unless state law supplies the rule of decision, in which case state law applies. If the discovery at issue pertains to both federal and state claims or defenses, federal law applies. *Mem'l Hosp. for McHenry Cty. v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981). Here, the discovery pertains at least to the federal claims, so federal common law supplies the rule of decision regarding privilege. "A party declining to produce discovery on the grounds that it is privileged has the burden of establishing the existence of the privilege as well as its applicability in the particular situation." *Scott v. City of Peoria*, 280 F.R.D. 419, 421-22 (C.D. Ill. 2011).

> Privileges are construed narrowly and the requirements for establishing privilege are strictly enforced, because privileges are viewed as being in derogation of the

search for truth. A privilege is therefore applied only where necessary to achieve its purpose and only where it has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.

*Id.* (citations and quotation marks omitted).

As the Court described in the December 4, 2018 Opinion and Order, the City asserts protection of its investigatory file under the law enforcement investigatory privilege. The law enforcement investigatory privilege is qualified, not absolute, and exists "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Anderson v. Marion Cty. Sheriff's Dept.*, 220 F.R.D. 555, 560 (S.D. Ind. 2004) (quoting *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998)). Courts weigh ten factors when determining whether the law enforcement investigatory privilege applies:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

(3) The degree to which governmental self evaluations and consequent program improvement will be chilled by disclosure;

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the investigation has been completed;

(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) Whether the plaintiff's suit is nonfrivolous and brought in good faith;

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

*Davis*, 282 F.R.D. at 206; *accord Anderson*, 220 F.R.D. at 563-64; *Jones*, 216 F.R.D. at 444.

The Court finds that a couple of these factors weigh in favor of applying the privilege. The strongest factor in favor of applying the privilege is the importance of the information sought to Plaintiff's case, which is minimal. Further, citizens will be discouraged from giving the government information if they know that the information and their identities may be disclosed.

On the other hand, the investigation has been completed, the information sought is not reasonably available from other sources, Defendants have not argued in the instant briefing that Plaintiff brings her suit in bad faith or that it is frivolous, Plaintiff cannot reasonably be considered at risk to be a potential defendant in any criminal proceeding resulting from the incident, and while the internal affairs department investigated the matter, it does not appear that any disciplinary proceedings arose from the investigation.

The following factors provide very little guidance to the Court in light of the specific details of the submitted documents: the degree to which governmental self evaluations and consequent program improvement will be chilled by disclosure, the impact of disclosing the identity of persons who gave information, and whether the information is factual or evaluative.

The Court finds that, in light of all of the factors above, and most importantly the minimal use the information at issue would be to Plaintiff's litigation of her case, the law enforcement investigatory privilege applies and the City shall not be ordered to turn over the information submitted for *in camera* inspection.

*3.    Protection*

Szany states that she agrees with the entry of a protective order and that she suggested changes on multiple occasions to the City's proposed order. The thrust of her argument is that any protective order should protect her as well as Garcia. She does not, however, present a proposed protective order to the Court. Szany also argues that precedential case law indicates that federal litigation is generally public and that the City's desire to seal information contravenes this case law.

Szany's arguments are well taken. The protective order issued by the Court will apply equally to all of the parties and will require the procedures of the Northern District of Indiana to be followed when any party seeks to file a document under seal.

**B. Motion to Join**

Garcia seeks to join the Motion for Protective Order and requests that the Court enter the protective order requested by the City. No separate opposition to this motion was filed. The motion is granted as to the request to join the City's motion, and, regarding the request for protective order, the motion is granted in part and denied in part to the same extent as the City's motion.

**C. Reasonable Expenses**

Federal Rule of Civil Procedure 26(c)(3) provides that the provisions of Rule 37(a)(5) regarding awards of expenses apply to motions for protective orders under Rule 26(c). Where, as is the case here, the motion is granted in part and denied in part, Rule 37(a)(5)(C) applies, which leaves the issue of fees to the Court's discretion. In this instance, the Court declines to apportion the reasonable expenses incurred by the parties in litigating the Motion for Protective Order.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Join Defendant, City of Hammond's, Motion for Protective Order and Brief in Support of Protective Order [DE 86] and **GRANTS in part** and **DENIES in part** Defendant City of Hammond's Motion for Protective Order [DE 77].

The Court **ORDERS** that the City may redact personal identifiers and all personal confidential information, including residential addresses, family information, cell phone and home telephone numbers, social security numbers, and financial, insurance, benefit, and health information from the personnel information that it produces to Szany.

The Court further **ORDERS** that the documents submitted to the Court for *in camera* inspection may be relevant but are protected by the law enforcement investigatory privilege and therefore shielded from discovery.

A Protective Order that applies equally to all parties and that requires compliance with the local rules when seeking to file material under seal will issue separately.

The Court **DECLINES** to make an award of reasonable expenses.

So ORDERED this 14th day of December, 2018.

                                                                s/ Paul R. Cherry
                                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                                              UNITED STATES DISTRICT COURT