**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DENISE SZANY,<br>      Plaintiff,<br><br>      v.<br><br>JAIME GARCIA and CITY OF HAMMOND,<br>      Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 2:17-CV-74-JTM-JPK<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant Hammond's Second Motion for Protective Order Regarding Questioning During Depositions [DE 137], filed on February 11, 2019. Plaintiff filed a response on February 12, 2019, and Defendant Hammond filed a reply on February 19, 2019.

At a telephonic status hearing held on February 6, 2019, the parties indicated that a deposition will be taken on March 11, 2019. The parties stated that they anticipated disagreement regarding how the Court's previous orders would apply to questions posed at the deposition. The Court scheduled a telephonic hearing for March 7, 2019, and set a deadline of February 11, 2019, for the parties to file motions—falling within a specific, limited scope—that the Court would consider taking up at the hearing.

In the Motion for Protective Order[1], Defendant Hammond asks for a protective order (1) affirming the Court's prior definitions of relevance and proportionality, (2) forbidding questioning into matters contained in Defendant Garcia's internal affairs file related to the document bearing Bates numbers 364–65 ("Document 364–65"), and (3) forbidding questioning

---

[1] Despite Plaintiff's assertion to the contrary, Defendant Hammond's motion is a motion for protective order and not a motion to reconsider.

into off-duty conduct outside of the workplace between Hammond Police Department officers other than Plaintiff and Defendant Garcia.

As an initial matter, Plaintiff argues that the Motion for Protective Order does not comply with Northern District of Indiana Local Rule 37-1. The Local Rule provides that a motion may—not must—be denied for failure to comply. Without deciding whether Defendant Hammond's certification at docket entry 139 complies with the rule, the Court declines to deny the motion on the procedural ground and proceeds to rule on the motion on the merits, which is consistent with the relief requested in Plaintiff's response.

In general,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Court has the authority to issue protective orders under Federal Rule of Civil Procedure 26 "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court has discretion in deciding when a protective order is appropriate and what degree of protection is required, and the party seeking the protective order has the burden of showing that good cause exists for it. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003).

In her Fifth Amended Complaint, Plaintiff brings, among other claims, a Title VII claim against Defendant Hammond under theories of sexual harassment and hostile work environment. To succeed on the theory of hostile work environment, Plaintiff will need to show some basis for employer liability. *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011). If, as appears to

2

be the case here, the claim is that Plaintiff was harassed by a coworker and not a supervisor, "the plaintiff must show that the employer has 'been negligent either in discovering or remedying the harassment.'" *Id.* at 470 (quoting *Williams v. Waste Mgmt. of Illinois*, 361 F.3d 1021, 1029 (7th Cir. 2004)).

On December 4, 2018, the Court ordered:

> Documents and information in the internal affairs file pertaining to any of the following are relevant and proportional to the needs of the case: complaints against or investigations of Garcia for sexual harassment, sexual misconduct, or sexually-motivated violence toward any person; complaints against or investigations of Garcia for violence toward coworkers; and complaints against or investigations of Garcia for any matter complained by Szany.

(Op. & Order 3–4, ECF No. 96). Defendant Hammond first asks the Court to order that this determination of relevance and proportionality regarding Defendant Garcia's internal affairs file applies to other aspects of discovery, including depositions.

Plaintiff correctly identifies that the Court's previous ruling was narrow and applied only to the internal affairs file. The ruling should not be used to define the full scope of all discovery in this case. For example, the issue of the relevance and proportionality of alleged behavior by anyone other than Defendant Garcia was not before the Court when it made the earlier finding. However, Plaintiff has provided no rationale that would call for deviation from the *reasoning behind this ruling* for discovery conducted outside of the internal affairs file. Thus, the reasoning behind the Court's previous ruling is sound and applies to all discovery conducted in this case.

In applying that reasoning to the current disputes, the Court finds that conduct—or allegations of conduct—that can contribute to sexual harassment claims or defenses thereto are relevant. However, not all allegations of misconduct by Hammond Police Department employees fall into this finding. By way of a hypothetical, assume a police officer assaulted a patron at a restaurant. Assume another police officer used excessive force in making an arrest. These actions

3

should not be condoned, but they are not relevant to a coworker's claim of a hostile work environment due to sexual harassment.

Plaintiff cannot prevail on her Title VII claim by showing, for example, excessive force or generalized off-duty violence by her coworkers. Instead, she must show "(1) that her work environment was both objectively and subjectively offensive; (2) that the harassment was based on her [sex]; (3) that the conduct was either severe or pervasive; and (4) that there is a basis for employer liability." *Vance*, 646 F.3d at 469. Allegations or evidence of generalized violence are not relevant to any of these elements.

On the other hand, Defendant Hammond position would preclude discovery into alleged sexual misconduct initiated by its employees other than Defendant Garcia. More than one employee can contribute to a hostile work environment. *See Johnson v. Advocate Health & Hosp. Corp.*, 892 F.3d 887, 901–03 (7th Cir. 2018). *Johnson* provides that discriminatory actions—in *Johnson*, use of racially discriminatory language—against non-plaintiffs "might have relevance in a hostile work environment claim." *Id.* at 903. Another case cited by Defendant Hammond, *Gleason v. Mesirow Financial, Inc.*, specifically finds that incidents directed at people other than the Title VII plaintiff "do have some relevance in demonstrating the existence of a hostile work environment." 118 F.3d 1134, 1144 (7th Cir. 1997).

Defendant Hammond argues that *Johnson* and *Gleason* weigh in favor of restricting discovery because *Johnson* and *Gleason* contemplated harassment of non-plaintiffs committed by the same supervisors who allegedly harassed the plaintiffs and Plaintiff seeks discovery regarding alleged harassment by other Hammond Police Department employees. Another significant difference between *Johnson* and *Gleason* and the present matter exists—the *Johnson* and *Gleason* opinions were issued at a different procedural phase of litigation. Here, the Court is ruling on a

4

discovery motion, that is, deciding what matters can be inquired into during discovery. In *Johnson* and *Gleason*, the courts were determining whether the respective plaintiffs had presented evidence sufficient to avoid summary judgment. The courts' determinations that alleged similarly discriminatory acts toward a plaintiff's coworker might be permissible to use as evidence in defending against a motion for summary judgment weighs in favor of permitting inquiries into the subject in discovery. Evidence of "second-hand harassment" is not as powerful in a hostile work environment claim as direct harassment, *Gleason*, 118 F.3d at 1144, but it is relevant evidence that may be pursued in discovery. Defendant Hammond has differentiated these cases from Plaintiff's allegations, but it has not shown why the differences in the facts should lead to a different result here.

Thus, the permitted scope of discovery in general in this case is broader than—though still consistent with—the Court's prior finding, which was directed toward a particular set of documents and information. The Court finds that allegations of generalized violence by Hammond Police Department employees (other than Defendant Garcia)[2] are not relevant. Complaints or instances of sexual harassment, sexual misconduct, or sexually motivated violence by Hammond Police Department employees are relevant. Thus, allegations or evidence of violence between Hammond Police Department coworkers is relevant only if such violence involves, or is caused by, the sexual misconduct of a Hammond Police Department employee. The alleged Hammond Police Department coworker-on-coworker sexual assault described on page 8 of Plaintiff's response appears to fall within the Court's definition of relevance, as it may bear upon the "basis for employer liability" element of the Title VII claim.

---

[2] Regarding alleged acts of Defendant Garcia, allegations of generalized violence are only relevant if the allegation is of violence toward a coworker. *See* (Op. & Order 7, ECF No. 96).

Defendant Hammond next asks that the Court bar Plaintiff from asking deponents about the matters in Document 364–65. The parties dispute the practical effect of the Court's previous determination that Document 364–65 is relevant. The document is from Defendant Garcia's personnel file, which was determined to be relevant in its entirety upon Defendant Hammond's lack of argument to the contrary in prior briefing. Defendant Hammond objects to Plaintiff seeking discovery concerning documents in Defendant Garcia's *internal affairs file* that relate to matters alluded to in this *personnel file* document.

Document 364–65 appears to be Defendant Garcia's disciplinary record in summary form. No infractions in the document are explicitly connected to sexual misconduct. However, Plaintiff may ask questions to determine whether any of the infractions listed in the document fall into the Court's definition of relevance as found above. However, questions that would elicit responses concerning discipline for behavior that is not relevant is not permitted.

Defendant Hammond's final request is for an order prohibiting Plaintiff from inquiring into alleged conduct of its employees (other than conduct between Plaintiff and Defendant Garcia) when they are off-duty and not in the workplace. "Allegations of off-duty sexual harassment involving other Hammond police officers," Defendant Hammond asserts, "are not *ipso facto* relevant to [P]laintiff's sexual harassment claim simply because the allegations might exist." (Br. in Support 7, ECF No. 138). This is true. However, such sexual harassment also is not *ipso facto* irrelevant. Plaintiff is not burdened with first knowing the full contours of what discovery will reveal before she is permitted to pursue a line of questioning.

Acts occurring outside of the workplace can be actionable under Title VII. *Doe v. Oberweis Dairy*, 456 F.3d 704, 715 (7th Cir. 2006) ("The sexual act need not be committed in the workplace, however, to have consequences there."). Defendant Hammond argues that *Oberweis*

6

*Dairy* shows that off-duty conduct here is irrelevant because the harassment needs to "begin and grow in the workplace." *Id.* at 716. Without the discovery Plaintiff seeks, it is not yet known whether the conduct meets this standard. And, similarly to *Johnson* and *Gleason*, the *Oberweis Dairy* court found the evidence at issue to be relevant and did so at the summary judgment stage. Defendant Hammond has not shown good cause for the Court to preclude discovery into this issue.

Therefore, the Court's finding regarding relevance and proportionality in the context of the internal affairs file must be modified when extended beyond that context. Allegations of generalized violence by Hammond Police Department employees other than Garcia are not relevant, but Plaintiff may inquire into allegations that any on-duty or off-duty Hammond Police Department employee committed, against an on-duty or off-duty coworker, an act of sexual harassment, sexual misconduct, or sexually-motivated violence.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendant Hammond's Second Motion for Protective Order Regarding Questioning During Depositions [DE 137].

The Court **ORDERS** as follows:

1. Plaintiff may seek discovery regarding any allegations that an on-duty or off-duty Hammond Police Department employee committed, against an on-duty or off-duty Hammond Police Department coworker, an act of sexual harassment, sexual misconduct, or sexually-motivated violence;

2. Allegations of generalized violence—with no connection to the Court's prior finding of relevance—by Hammond Police Department employees other than Garcia are not relevant, but violence between coworkers is relevant if such violence involves or is caused by sexual misconduct between Hammond Police Department employees;

3. Allegations of generalized violence by Garcia are only relevant if the allegation is of violence toward a coworker, regardless of whether Garcia or the coworker was on-duty at the time of the alleged violence; and

7

4. Discovery requests, including lines of inquiry posed to deponents, regarding Document 364–65 must fall within the Court's definition of relevance as set forth on pages 3–4 of the December 4, 2018 Opinion and Order. (ECF No. 96). Thus, Plaintiff can inquire, for instance, if discipline listed on the document was imposed for sexual misconduct (and, if so, further questions may be asked). But, general inquiries not connected to the Court's articulation of relevance will not be allowed.

At the Telephonic Status Hearing set for March 7, 2019, the Court will entertain questions from any party regarding whether specific questions or lines of questioning are permitted by this Opinion and Order or prior Court Orders.

The Court **ADVISES** the parties that it will not take up, or entertain argument on, the pending motion to seal, motion to redact transcript, motion for sanctions, motion to dismiss, or motion for rule to show cause at the March 7, 2019 hearing. The Court will take up these motions after they are fully briefed or after their briefing deadlines expire.

So ORDERED this 5th day of March, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
