# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, <br>     Plaintiff, <br><br> v. <br><br> JAIME GARCIA and CITY OF HAMMOND, <br>     Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:17-CV-74-JTM-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File Exhibit Under Seal [DE 143], filed by Defendant City of Hammond ("Defendant Hammond") on February 13, 2019, and on Plaintiff's Motion, Under Protest, To File Under Seal Pursuant to L.R. 5.3(c) [DE 146], filed by Plaintiff Szany on February 14, 2019. No response to either motion was filed, and the deadlines by which to do so have passed. This matter is also before the Court on Defendant Hammond's Motion to Redact Transcript [DE 162] on February 27, 2019, which is not yet fully briefed.

The document at issue in Defendant Hammond's Motion for Leave to File Exhibit Under Seal has been released to the media in response to a records request. The only reason stated in the motion for seeking leave to file the document under seal is that it falls under the provisions in the Protective Order issued in this case. Because the document has been released to the public and no further justification has been presented to justify the continuation of the seal on this document, the Court orders the seal to be lifted from the document in Defendant Hammond's motion.

The Court now turns to Plaintiff's motion. Plaintiff has made clear that she is only seeking leave to file documents under seal because they have been designated confidential by Defendant Hammond and not because she believes that sealing the documents from the public's view is proper. The better mechanism for Plaintiff to present her argument to the Court would have been

to file a motion for leave to file the documents openly on the docket, as indicated in paragraph 6 of the Protective Order. (*See* ECF No. 103). Nevertheless, Plaintiff has asserted that the documents should be filed openly on the docket, and no party has argued that she is incorrect. However, Defendant Hammond has, in its Motion to Redact Transcript, sought to redact testimony similar to the testimony at issue in Plaintiff's motion.

Pursuant to Northern District of Indiana Local Rule 5-3, "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The public pays for the courts and, thus, has an interest in judicial records. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009); *accord Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny.") (abrogation on other grounds recognized by *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)). The general presumption that judicial records are public is overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C.*, 439 F.3d at 348. However, "the presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The agreement of the parties is no substitute for the good cause required for sealing a document, as the parties do not adequately represent the public's interest. *Citizens First Nat'l Bank*,

178 F.3d at 945. Instead, a motion to seal should analyze the applicable legal criteria and present argument that the documents sought to be filed under seal either contains a protectable trade secret or otherwise may legitimately be withheld from the public view. *Baxter Int'l, Inc.*, 297 F.3d at 546 (citing *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir.1992)).

The Court is not satisfied that good cause has been shown for maintaining the seal on the documents at issue in Plaintiff's motion, and she has made clear that she does not consider the seal to be proper. Because Defendant Hammond has sought to maintain similar testimony under seal in its Motion to Redact Transcript, however, it is given additional time to justify a seal on these documents under the appropriate standard.

Additionally, Plaintiff has twice sought to file documents under seal by filing them manually with the Court. This is not the proper procedure. Instead, the CM/ECF Civil and Criminal User Manual section IV.A.2. instructs:

> In instances where a civil case is not sealed, but a party wishes to file sealed motions or sealed documents, those documents shall be filed electronically in the CM/ECF system using the appropriate civil event, either "Sealed Motion" or "Sealed Document." These events will produce a publicly viewable docket entry but will not allow access to the attached .pdf document. Any distribution to parties must be made conventionally on paper.

Further failure to file sealed documents electronically may lead to the documents being stricken.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Leave to File Exhibit Under Seal [DE 143] and **TAKES UNDER ADVISEMENT** Plaintiff's Motion, Under Protest, to File Under Seal Pursuant to L.R. 5.3(c) [DE 146].

The Court **DIRECTS** the Clerk of Court to **LIFT** the seal from docket entry 144.

The Court **ORDERS** that Defendant Hammond shall have **until March 15, 2019**, to file any response to Plaintiff's Motion, Under Protest, to File Under Seal Pursuant to L.R. 5.3(c)

[DE 146] and to file any supplement to its Motion to Redact Transcript [DE 162]. Plaintiff's and Defendant Garcia's deadline to file any response to the Motion to Redact Transcript shall be 14 days after the filing of a supplement to that motion or **March 29, 2019**, whichever is sooner.

The Court **ADVISES** Plaintiff that any future documents filed under seal must be filed electronically in accordance with the CM/ECF Civil and Criminal User Manual.

So ORDERED this 5th day of March, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
