UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, <br>     Plaintiff, <br><br> v. <br><br> JAIME GARCIA and CITY OF HAMMOND, <br>     Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:17-CV-74-JTM-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on an Agreed Motion by Plaintiff for the Magistrate Judge to Address Post-February 11, 2019 RFA Deficiencies and Plaintiff's Intent to Exceed Ten Depositions [DE 153], filed by Plaintiff Denise Szany on February 16, 2019. Defendant City of Hammond filed a response to Plaintiff's motion on March 4, 2019. The Court set the deadline for Plaintiff to file a reply for noon on March 6, 2019. That deadline has passed, and no reply was filed.

At a telephonic status hearing held on February 6, 2019, the parties indicated that a deposition will be taken on March 11, 2019. The parties stated that they anticipated disagreement regarding how the Court's previous orders would apply to questions posed at the deposition. The Court scheduled a telephonic hearing for March 7, 2019, and set a deadline of February 11, 2019, for the parties to file motions—falling within a specific, limited scope—that the Court would consider taking up at the hearing.

Specifically, the Court ordered, in part, that "Plaintiff shall have up to and including February 11, 2019, to file a motion pursuant to Federal Rule of Civil Procedure 36(a)(6) concerning all Request for Admission answers that she considers insufficient." The Court ordered Plaintiff to confer with Defendant Hammond before filing such a motion.

The only relief Plaintiff requests in the instant motion is "that this Honorable Court address the foregoing matters at the March 7, 2019 Hearing." (Mot. 7, ECF No. 153). The motion was filed on February 16, 2019, after the February 11 deadline. Plaintiff requests a hearing—not substantive relief under Rule 36(a)(6). Further, Plaintiff does not include any indication that she conferred with Defendant Hammond regarding the requests to admit as ordered by the Court.

The Court will not take up Plaintiff's arguments regarding the sufficiency of the Answers to her Third Set of Requests to Admit at the hearing. Plaintiff, if she chooses, may file a *substantive* motion under Federal Rule of Civil Procedure 36(a)(6) after complying with the conferral requirement of Northern District of Indiana Local Rule 37-1.

Further, Plaintiff raises the issue of excess depositions. In a November 29, 2018 Order the Court set forth the standard for excess depositions and granted Plaintiff leave to refile a motion for excess depositions after she had conducted ten depositions. Plaintiff has not presented argument on all elements of that standard, and she admits that she has conducted only nine depositions. Because of the law of the case, the Court will not entertain the request to address the issue of excess depositions at this time.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES without prejudice** the Agreed Motion by Plaintiff for the Magistrate Judge to Address Post-February 11, 2019 RFA Deficiencies and Plaintiff's Intent to Exceed Ten Depositions [DE 153].

So ORDERED this 6th day of March, 2019.

        s/ Joshua P. Kolar
        MAGISTRATE JUDGE JOSHUA P. KOLAR
        UNITED STATES DISTRICT COURT