**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DENISE SZANY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-74-JTM-JPK |
| | ) | |
| JAIME GARCIA and CITY OF HAMMOND, | ) | |
|         Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion, Under Protest, to File Under Seal [DE 146], filed by Plaintiff Denise Szany on February 14, 2019. Defendant City of Hammond filed a response on March 15, 2019, and Plaintiff filed a reply on March 17, 2019. For the following reasons, the motion is granted in part and denied in part.

The sealed documents at issue are excerpts of the deposition transcripts of Hammond Police Department Chief of Police John Doughty and Captain Jeff Long. Szany submitted these transcripts with her response in opposition to the City of Hammond's Second Motion for Protective Order. Szany asserts that the seal should not be maintained on the documents, and the City of Hammond counters that the seal is proper.

Szany failed to follow Northern District of Indiana Local Rule 5-1, which requires electronic filing. However, the receipt of the physical documents by the Clerk of Court is noted at docket entry number 149, so the Court will excuse the oversight in this instance.

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Pursuant to Northern District of Indiana Local Rule 5-3,

"[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The public pays for the courts and, thus, has an interest in judicial records. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009); *accord Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny.") *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016). The general presumption that judicial records are public is overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C.*, 439 F.3d at 348.

However, "the presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). "Public access depends on whether a document 'influenc[ed] or underpin[ned] the judicial decision.'" *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014) (quoting *Baxter Int'l, Inc.* 297 F.3d at 545). "Secrecy persists only if the court does not use the information to reach a decision on the merits." *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)).

The fact that a document was filed on the docket may, but does not always, support an inference that the document influenced a judicial decision. *City of Greenville, Ill.*, 764 F.3d at 548.

If the mere fact of a document's filing were sufficient to render the document influential in a judicial decision, then unscrupulous parties would be able to abuse the system and force discovery out into the open by filing discovery documents at will. *Saunders v. City of Chicago*, No. 12-CV-9158, 2017 WL 3082036, at *3 (N.D. Ill. July 19, 2017). As the *Saunders* court noted, this would render "toothless" *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), which held that some discovery matters "were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co.*, 467 U.S. at 33. The privacy protections handed down in *Seattle Times Co.* are valuable because they can expedite discovery. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("Portions of discovery may be conducted in private to expedite disclosure.").

The depositions at issue here contain matter pertaining to police discipline and alleged police misconduct. "There is undoubtedly a significant public interest in exposing police misconduct." *Saunders v. City of Chicago*, No. 12-cv-9158, 2017 WL 3082036, at *5 (N.D. Ill. July 19, 2017). Courts have come out differently when deciding whether the public's significant interest is overcome by other considerations. S*ee, e.g.*, *Lane v. Salgado*, No. 13 C 3764, 2014 WL 889306, at *2 (N.D. Ill. Mar. 5, 2014) ("[I]n the context of the discovery stage of this litigation, the 'substantial interest' in protecting a defendant police officer's reputation outweighs the public's interest in learning how a municipal government investigates police misconduct claims."); *Doe v. Marsalis*, 202 F.R.D. 233, 238–39 (N.D. Ill. 2001) (finding police misconduct, especially in Chicago, to be a matter of general concern that warrants disclosure of discovery documents to the intervenor newspaper).

Szany argues that Indiana's Open Door Law and law regarding the due process rights of disciplined local government employees require public access to these deposition excerpts.

However, these laws are inapplicable because the depositions are not directly connected to public meetings (to which open door laws apply) and because maintaining the seal on the excerpts in this litigation would not prevent a disciplined local government employee from exercising his or her due process rights. The question for the Court is whether to maintain under seal excerpts of deposition testimony filed in this litigation. The question presented to the Court is *not* whether documents deemed by law to be public record should be maintained under seal. Szany has not identified any law rendering the deposition testimony public record. Further, as noted above, the Court in *Seattle Times Co.* found that depositions, as a matter of practice, are conducted privately. 467 U.S. at 33. Therefore, Szany's argument is not well-taken.

The City of Hammond argues that the seal is proper because (1) the Protective Order issued in this case deems the deposition excerpts confidential, (2) the deposition transcript excerpts have only been submitted to the Court regarding discovery arguments and not on the merits of the case, (3) the deposition excerpts do not contain evidence relevant to this case, and (4) the privacy interests at stake warrant the seal. The Court considers each argument below.

First, the Protective Order specifically provides that "[n]othing in this Order shall preclude a party from seeking leave of Court to file Confidential Matter openly on the docket." (Protective Order ¶ 6, ECF No. 103). Thus, the provisions of the Protective Order do not control the Court's decision on this motion.

Second, the City of Hammond argues that the use of these exhibits in arguing a discovery dispute weighs in favor of maintaining the seal. Szany submitted the deposition testimony with her response to the City of Hammond's February 11, 2019 Second Motion for Protective Order. In that motion, the City of Hammond asked the Court to apply previous discovery rulings to all discovery in this litigation, to forbid questioning at Defendant Garcia's deposition regarding

information on the document bearing Bates numbers 364–65 ("Document 364–65"), and to forbid questioning regarding most off-duty conduct of City of Hammond police officers. Szany opposed the motion and, in response, argued that questions regarding Document 364–65 must be deemed relevant on the basis of waiver because both Doughty and Long answered questions regarding Document 364–65 at their depositions. The Court ruled that discovery regarding Document 364–65 was limited to requests and questions that fall within the Court's prior ruling on relevance. The deposition excerpts were cited to only briefly by Plaintiff, and the Court resolved the dispute without referring to the deposition excerpts. Because the deposition excerpts were not used for the Court's decision, the presumption of public access does not apply. S*ee Cty. Materials Corp.*, 502 F.3d at 739. This does not, however, conclusively determine whether the excerpts should be sealed.

Next, the City of Hammond asserts that "the excerpts of deposition transcripts that plaintiff filed under seal have no bearing on the merits of the suit because they contain *only* matter that is irrelevant to the parties' claims and defenses." (Resp. 3, ECF No. 181) (emphasis added). However, the City of Hammond is incorrect. As an example, the following excerpt from Chief Doughty's deposition is relevant:

Q:      Why didn't you discipline him for it?
A:      For what?
Q:      For grabbing Denise Szany and slapping Denise Szany?
A:      He was disciplined for conduct, conduct unbecoming.
Q:      Show it to me on page 364 and 365. And once again, for the record, 364 and 365 is the Record of Discipline.
A:      That discipline was not noted in here as it should have been, but he was disciplined. He got five days off without pay.
. . .
Q:      You testified a few moments ago . . . this is an accurate representation of Jamie Ray Garcia's personnel jacket, but yet five days of discipline is missing from it.
        So what's happening, Chief?
A:      Somebody should have noted it.

(Doughty Dep. 27:4–24). On the other hand, additional portions of the deposition do refer to matters that the Court has deemed irrelevant to the instant litigation, and the deposition excerpts did not influence or underpin the Court's resolution of the underlying motion for protective order.

Szany counters that excerpts from the deposition would be "pertinent to a response to a motion for summary judgment." (Reply 2, ECF No. 183). Perhaps Szany is correct, but we are not at that stage of litigation. The Court's present decision applies only to the deposition excerpts in the context of being submitted in support of Szany's response in opposition to the motion for protective order. The Court is making no blanket finding regarding the sealing or admissibility of these documents if they are refiled in the future—either in part or in their entirety. *Cf. Lane*, 2014 WL 889306, at *2 (noting that, though a motion to disseminate discovery information was being denied, that the plaintiff may be able to disseminate the information if it is presented to the Court on summary judgment or at trial).

Finally, the City of Hammond contends that the documents should remain private because they may "taint the reputation of a Hammond police officer" because the public may assume that "where there is smoke, there is fire." (Resp. 4, ECF No. 181).

One effect of ordering that the depositions be maintained under seal would be protecting the Hammond police officer from annoyance, embarrassment, oppression, and undue burden that could result from potential reputational harm. *See* Fed. R. Civ. P. 26(c)(1); *see also Calhoun v. City of Chicago*, 273 F.R.D. 421, 423–24 (N.D. Ill. 2011) (protecting police officers' complaint registers from disclosure to protect against the potential for harassment or embarrassment that may result). Another effect would be preventing potential undue prejudicial exposure of the potential jury pool to material already determined by the Court to be irrelevant to Szany's claims. *See Saunders v. City of Chicago*, No. 12-cv-9158, 2017 WL 3082036, at *4–5 (N.D. Ill. July 19, 2017).

However, a third effect of the order would be preventing the public from viewing material regarding alleged police misconduct brought before this taxpayer-funded court.

The Court cannot turn a blind eye to the public's interest. It must be considered. As noted above, the public has an interest in making the records public because the public pays for the Court, *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009), and "the public has a particularly strong interest in being informed about its public officials, especially in the case of law enforcement officers," *Hutchins v. Clarke*, 661 F.3d 947, 955 (7th Cir. 2011).

The Court finds that, at this stage of the litigation, the City of Hammond's interest "in ensuring that its officer's reputation is not unfairly or unjustly tainted by public disclosure"— combined with the deposition excerpts' lack of influence in or contribution to the resolution of the underlying motion for protective order—provides good cause to seal the deposition excerpts from public view that pertain to matters outside of Szany's complaint against Garcia. The public's interest in exposing mere allegations of police misconduct as to these outside matters is overridden, and the seal will be maintained.

However, the Court also finds that the City of Hammond's interest does not override the public's interest as to the material pertaining to Szany's complaint against Garcia, the alleged incident between them, and any discipline resulting from that incident. The City of Hammond argued that the public's interest "should not trump Hammond's and Cpl. Garcia's reputation and public welfare interests, particularly where the matter that would be made public consists of *irrelevant*, unfounded accusations." (Resp. 5, ECF No. 181) (emphasis added). The Court has identified, above, one part of the transcript that is relevant. There may be more. Regarding the relevant material, the public has an interest in allegations of police conduct, and the public has an

additional interest because it pays for the courts. Therefore, relevant material in the deposition excerpts will be unsealed.

The Court will not do the parties' work of redacting the properly sealed material in the deposition testimony. *Cf. Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 898 (7th Cir. 2018) ("'Judges are not like pigs, hunting for truffles buried in' the record.") (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)). The City of Hammond is ordered to provide proposed redactions to the other parties, who are ordered to inform the City of Hammond whether they agree to the redactions. Then, the City of Hammond shall file either an agreed or unagreed motion to redact. As discussed above, the City of Hammond asserted that "the excerpts of deposition transcripts that plaintiff filed under seal have no bearing on the merits of the suit because they contain only matter that is irrelevant to the parties' claims and defenses." (Resp. 3, ECF No. 181). The Court will hold the City of Hammond to that standard. Portions of the deposition transcripts that are relevant as defined in the Court's prior orders,[1] (Op. & Order 7–8, ECF No. 168; Op. & Order 3, ECF No. 102), must be made available to the public view.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion, Under Protest, to File Under Seal [DE 146] and **ORDERS** that the unredacted deposition excerpts, the receipt of which is noted at docket entry 149, shall be maintained under seal.

The Court **ORDERS** Defendant City of Hammond to provide its proposed redacted transcript to counsel for the other parties **on or before April 10, 2019**. The Court **ORDERS** Plaintiff Szany and Defendant Garcia to inform the City of Hammond whether they agree to the

---

[1] These prior rulings also encompass a determination that the matters permitted are proportional to the needs of case. *See* Fed. R. Civ. P. 26(b)(1).

redactions **on or before April 17, 2019**. Any party that objects to the City of Hammond's proposed redactions must tender the objecting party's proposed redactions at the time of its objection. The Court **ENCOURAGES** the parties to work toward agreed redactions. The Court **ORDERS** the City of Hammond to file a motion to redact the transcript (indicating whether the motion is agreed or opposed and with the proposed redacted transcript attached as an exhibit) **on or before April 24, 2019**.

The Court further **ORDERS** that, if any party submits the deposition excerpts with any future motion, the excerpts should be filed electronically on the docket.

So ORDERED this 3rd day of April, 2019.

s/ Joshua P. Kolar

MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT