UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-74-PPS-JPK |
| | ) |
| JAMIE GARCIA, and | ) |
| CITY OF HAMMOND, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This is a case involving allegations of discrimination and sexual harassment by the Hammond Police Department and one of its officers. Plaintiff Denise Szany has sued the officer (defendant Jaime Garcia) and the City of Hammond ("the City"). Presently before me are two motions relating to Szany's fifth amended complaint [DE 118] (which I'll just refer to as the complaint because prior iterations are not relevant for present purposes). First, the City has filed a Motion to Strike Count II of the complaint [DE 133] which it says was improperly included despite the fact that the parties had previously agreed to dismiss this very claim. Second, the City has filed a Motion to Dismiss for failure to state a claim as to Count VII of the complaint [DE 126], which alleges retaliation in violation of Title VII against the City. As discussed below, the City has the better argument in each instance and accordingly both motions will be granted.

**Background**

This lawsuit stems originally from an alleged battery and sexual harassment which occurred between two police officers with the Hammond Police Department. Szany alleges that defendant Garcia assaulted her, while both were at work and in uniform, by grabbing her by her vest, then her belt and then physically harming her. She alleges that during this altercation, Garcia slapped her on the buttocks. Szany filed a complaint with the EEOC regarding this conduct and eventually received a right to sue letter from that agency and then filed this lawsuit.

Count VII alleges that after the lawsuit was filed, the City's illegal behavior continued. Szany alleges that she was retaliated against for filing her EEOC complaint against the City and Garcia. Specifically, she alleges that the City "compelled" her "to use the same police car" as Garcia. She says that as such she was "placed in a dangerous situation" which caused "a tangible adverse employment action." She alleges that she "reasonable believes" this was done to retaliate and to dissuade her from continuing her lawsuit. [DE 118 at 15.]

**Discussion**

As mentioned, there are two motions before me relating to Szany's complaint. The first, is easily resolved, as Szany all but concedes the issue. The second, the motion to dismiss, is slightly more complicated, but likewise will be resolved in the City's favor.

**A. The City's Motion to Strike.**

The City's Motion to Strike is straightforward. In a prior iteration of Szany's complaint, she alleged that the City was liable to her under 42 U.S.C. § 1983 under the *Monell* doctrine. The parties later stipulated to a dismissal of this count in September 2018. [DE 73.] Thereafter, Szany sought leave to file her current complaint for the purposes of adding a new claim based upon alleged sexual harassment and a hostile work environment. [DE 108.] Leave to amend to add this count was granted [DE 166] and that is the count which is the subject of the City's motion to dismiss (discussed below). But the current complaint did not just add Count VII; it also included the same Count II which the parties had previously stipulated to dismiss. The City sees this as gamesmanship on Szany's part, adding back in a claim without agreement or leave of court. Szany says it was but a "scrivener's error" that an entire multi-paragraph count was included in the current complaint. In any event, it is clear that Count II should not be a part of this lawsuit—and Szany concedes as much. Thus, to avoid any confusion as to what claims remain operative—Count II for *Monell* liability under 42 U.S.C. § 1983 will be stricken. When Szany files her sixth amended complaint, she should ensure that it does not contain claims which have been previously dismissed.

**B. The City's Motion to Dismiss Count VII.**

The City has also moved to dismiss Szany's claim that the City retaliated against her by allowing her sexual harassment to continue, thereby creating a hostile work environment. The City says that even taking everything Szany says in her complaint as

true (which I must), Szany has not met the low bar of even pleading a hostile work environment claim. As recounted in the Background section above, the facts which Szany bases her claim on are meager. She simply says that at some point in 2018, she was "compelled" to use the same patrol car as defendant Garcia. She further alleges that this use of the same patrol car was in retaliation for her pursuing her claims against the City.

While employment discrimination cases are frequently too fact-intensive to be capable of being resolved at the motion to dismiss stage, "a Complaint must contain more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *E.E.O.C. v. Phil Vinar Furniture, Inc.*, No. 09-4052, 2010 WL 914775, at *2 (C.D. Ill. Mar. 9, 2010) (citation omitted). In order to state a hostile work environment, a plaintiff must allege an environment that is "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). This is a totality of the circumstances type inquiry and among factors I look at are the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*, at 787-788.

Furthermore, Title VII makes it unlawful for an employer to retaliate against an employee who has "opposed any practice made an unlawful employment practice by this subchapter or … has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding or hearing" under the statute. 42 U.S.C. § 2000e–3(a).

The Seventh Circuit has abandoned the "direct vs. indirect evidence" framework for analyzing retaliation claims, *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764 (7th Cir. 2016), but the basic elements of a claim have remain. In order to state a claim for retaliation, a plaintiff must show that their employer took (1) "materially adverse" actions against them (2) which produced "an injury or harm" that (3) would have "dissuaded a reasonable work from making or supporting a charge of discrimination." *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 67-68 (2006). And Title VII's retaliation provisions are not limited to only to "ultimate employment decisions." *Id.* at 67.

Importantly, the adverse employment action must be *material*. The Seventh Circuit has long defined that as "meaning more than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). It's of course impossible to create an exhaustive list of actions which would satisfy this standard, but examples include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510 (7th Cir. 1999). It need not directly relate to title, pay, benefits, or specific duty-type things, but things that are nothing more than a "mere inconvenience"

that may make an employee unhappy, do not qualify. *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1005 (7th Cir. 2018). It just must be something that could have "dissuaded a reasonable work from making or supporting a charge of discrimination." *White*, 548 U.S. at 67-68.

Here, Szany alleges that the adverse employee action here is that the City has made her use a patrol car that is also used by Garcia, the officer that she alleges assaulted here. That, on its own, is not much. And as the City notes, nowhere in the complaint does Szany allege that she must use the patrol car *at the same time* as Garcia or that she has been forced to continue to work directly alongside him. That would be a different, and more meritorious claim. For example, in a traditional office context, forcing an employee who has filed a complaint to move into and share an office with their alleged assaulter would clearly be a material adverse action, but having them use the same front entrance to the building that all employees use, would not be. Thus Szany's allegations, accepting them as true, strike me as nothing more than something which makes Szany unhappy but which does not, as a matter of law, constitute an adverse action without more. That isn't actionable under § 2000e–3(a). *See Terry*, 910 F.3d at 1005.

As this is the fifth iteration of her complaint, I am somewhat reluctant to give Szany a further opportunity to amend her complaint. But because this is the first opportunity she had to plead her retaliation claim, I will grant her one opportunity to allege additional facts which might adequately state a claim for retaliation.

## Conclusion

For the foregoing reasons, defendant The City of Hammond's Motion to Strike [DE 133] is GRANTED. The City of Hammond's Motion to Dismiss Count VII [DE 126] is likewise GRANTED. Plaintiff Szany is GRANTED leave to amend Count VII to state any additional facts which may constitute retaliation. Szany should also take this opportunity to make sure that previously dismissed claims are not repeated in her complaint, that the complaint accurately states what iteration of the complaint it is, and that her paragraphs are properly numbered. No other claims should be added, nor should additional facts be added to counts besides those which may be necessary to replead the retaliation claim. No additional leave to amend will be granted absent extraordinary circumstances and ample good cause.

SO ORDERED on May 17, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT