UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:17-CV-74-PPS-JPK |
| | ) |
| CITY OF HAMMOND and JAIME GARCIA, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Notice of Ex Parte Submission of Documents for In Camera Review [DE 247] filed by Defendant City of Hammond on May 17, 2019. The City of Hammond filed a brief in support on May 24, 2019. Plaintiff Denise Szany filed a response on May 27, 2019, and the City of Hammond filed a reply on June 3, 2019. This matter is also before the Court on Plaintiff's Motion to File Under Seal [DE 261], filed on May 27, 2019. Defendant City of Hammond filed a response on June 10, 2019. Plaintiff did not file a reply.

For the reasons stated below, the Court denies the request in the Notice of Ex Parte Submission and grants in part and denies in part the Motion to File Under Seal.

### A. *In Camera* Review

At issue are materials—on 29 pages and on 4 discs containing audio files—that the City of Hammond submitted for *in camera* review. The materials are from a Hammond Police Department Internal Affairs investigation regarding Defendant Jaime Garcia's purported sexual misconduct on two separate occasions during which he had a student "ride-along" during his shift. (Def.'s Br. 5, ECF No. 256). The materials fall under the previously judicially-determined scope of relevance. *See* (Op. & Order 3, ECF No. 96 (holding that "complaints against or investigations of Garcia for sexual harassment, sexual misconduct, or sexually-motivated violence toward any person" are

relevant)). The City of Hammond asks the Court to find that the submitted materials are protected from discovery under the law enforcement investigatory privilege.

As stated previously in this case, the law enforcement investigatory privilege is qualified, not absolute, and exists "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Anderson v. Marion Cty. Sheriff's Dept.*, 220 F.R.D. 555, 560 (S.D. Ind. 2004) (quoting *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998)). Courts weigh ten factors when determining whether the law enforcement investigatory privilege applies:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

(3) The degree to which governmental self evaluations and consequent program improvement will be chilled by disclosure;

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the investigation has been completed;

(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) Whether the plaintiff's suit is nonfrivolous and brought in good faith;

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

*Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 206 (S.D. Ind. 2012); *accord Anderson*, 220 F.R.D. at 563-64; *Jones v. City of Indianapolis*, 216 F.R.D. 440, 444 (S.D. Ind. 2003).

The privilege is overcome when "the need of the litigant who is seeking privileged investigative materials" outweighs "the harm to the government if the privilege is lifted." *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). The weighing of these competing interests is "particularistic" and "judgmental" and therefore a matter for the court's discretion, though the presumption against lifting the privilege is "pretty strong." *Id.* (citing *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997); *Tuite v. Henry*, 98 F.3d 1411, 1415-16 (D.C. Cir. 1996); *United States v. Rainone*, 32 F.3d 1203, 1206 (7th Cir. 1994); *Black v. Sheraton Corp.*, 564 F.2d 531, 545-47 (D.C. Cir. 1977)). A review of the factors shows that the privilege should not be applied here.

The first three factors (effect on government processes, impact from identity disclosure, and chilling governmental self-evaluation and improvement) are related. Here, ride-along students made the City of Hammond aware of Garcia's actions. There is no indication that the ride-alongs either asked for or received assurances of confidentiality in return for making their statements. Further, the Court can protect the ride-alongs through other means, such as requiring their names to be redacted from the materials. Thus, these factors do not significantly favor applying the privilege.

This is distinguishable from circumstances in which law enforcement reaches out to individuals and proactively seeks cooperation. It is not even the same as a concerned citizen taking the initiative to call in a tip. Here, those who brought this matter to the attention of the Hammond Police Department did so by writing and signing letters in their own name. The City of Hammond

has not argued that these individuals ever asked for confidentiality or that anyone so much as asked them if they would prefer confidentiality.

The Court weighs heavily any actions that could even arguably discourage citizens from bringing complaints to the attention of law enforcement. This is especially true when the complaints involve allegations of police misconduct. However, it is the City of Hammond's burden to establish the existence of a privilege. *Scott v. City of Peioria*, 280 F.R.D. 419, 421-22 (C.D. Ill. 2011) ("A party declining to produce discovery on the grounds that it is privileged has the burden of establishing the existence of the privilege as well as its applicability in the particular situation."). The crucial nature of the privilege at issue does not relieve the City of Hammond of its burden. And, not only are the City of Hammond's arguments devoid of any indications the ride along students wanted anonymity as opposed to public knowledge of allegations against a sworn officer, the fact these materials are only being disclosed in discovery, in a redacted form, and after the officer involved has resigned protects against any fears of unwanted publicity or ill-conceived reprisals.

Regarding factor eight, the parties dispute whether Szany's lawsuit is nonfrivolous and brought in good faith. Multiple motions to dismiss have been filed, one of which is still pending. Though some claims have been dismissed, some have survived. Under these circumstances the Court will not say that the lawsuit is frivolous or not brought in good faith.

The City of Hammond does not address factors four, five, six, seven, and nine, so in accordance with the Court's May 20, 2019 Order, the Court construes these factors to weigh in favor of disclosure. *See* (Min. Order, ECF No. 251). Further, the Court notes that the materials are not evaluative summary, there is no criminal charge, the investigation has completed, and it is reasonable to assume that these materials are not available from other sources.

4

The final factor—the importance of the information sought to the plaintiff's case—is admitted by the City of Hammond to be the "strongest factor in favor of applying the privilege." (Def.'s Br. 3, ECF No. 256); *see also Anderson*, 220 F.R.D. at 567 (noting the factor "has been described by courts as the most crucial" but stating that a balancing of the factors is still required). The City of Hammond presents argument for the material not being important to Szany's claims *against the City of Hammond*, but it neglects to consider the importance of the information to Szany's claims *against Garcia*. Garcia's purported behavior toward the ride-alongs may be important to, for instance, show Garcia's intent or absence of mistake regarding his alleged behavior toward Szany. *See* Fed. R. Evid. 404(b)(2).

So, in balancing the factors, the City of Hammond concedes that four of the factors weigh in favor of disclosure, the Court finds that three can be mitigated through the redaction of the complainants' names, one factor (regarding the merits of the suit) is contested by the parties but the Court is unwilling to call the lawsuit frivolous, and the "most crucial" factor weighs in favor of disclosure due to the importance of the information to Szany's claims against Garcia. Therefore, the Court finds that the law enforcement investigatory privilege should not apply.

It bears stressing that much of Szany's brief discusses the need for the media to cover these allegations. That is decidedly not the issue before the Court. Discovery is "conducted in private as a matter of modern practice." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 33 (1984). In this case, discovery is governed by a protective order that precludes the sharing of this discovery with outside parties. The documents at issue are not shielded from disclosure by the law enforcement investigatory privilege, but the Court cautions that the protective order remains in force. Opening discovery to public scrutiny could in many instances slow the discovery process to a crawl. One

need look no further than the parties' concerns over the protective order in this case to support the notion that sharing information with a party is viewed differently than sharing it publicly.

### B. Motion to Seal

There are five attachments to the motion to seal: a sealed portion of Szany's response brief to the City of Hammond's brief in support of the *ex parte* submission, an *ex parte* order of protection, a sworn statement, the deposition of an Officer Earley, and the deposition of a Lieutenant Leimbach. Szany requests only that the sworn statement be maintained under seal. Szany asks the Court to unseal the depositions and *ex parte* order of protection. There is no request either to maintain the seal or to unseal the motion to seal and the sealed portion of the response brief on the *ex parte* submission, though the City of Hammond argues that all of these documents should be stricken.

Federal Rule of Civil Procedure 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Pursuant to Northern District of Indiana Local Rule 5-3, "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The public pays for the courts and, thus, has an interest in judicial records. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009); *accord Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016). The general presumption that judicial records are public is overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Any step that withdraws an element of the judicial process

from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C.*, 439 F.3d at 348.

However, "the presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). "Public access depends on whether a document 'influenc[ed] or underpin[ned] the judicial decision.'" *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014) (quoting *Baxter Int'l, Inc.* 297 F.3d at 545). "Secrecy persists only if the court does not use the information to reach a decision on the merits." *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)).

The fact that a document was filed on the docket may, but does not always, support an inference that the document influenced a judicial decision. *City of Greenville, Ill.*, 764 F.3d at 548. If the mere fact of a document's filing were sufficient to render the document influential in a judicial decision, then unscrupulous parties would be able to abuse the system and force discovery out into the open by filing discovery documents at will. *Saunders v. City of Chicago*, No. 12-CV-9158, 2017 WL 3082036, at *3 (N.D. Ill. July 19, 2017). As the *Saunders* court noted, this would render "toothless" *Seattle Times Co.*, which held that some discovery matters "were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co.*, 467 U.S. at 33. The privacy protections handed down in *Seattle Times Co.* are valuable because they can expedite discovery. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d

562, 568 (7th Cir. 2000) ("Portions of discovery may be conducted in private to expedite disclosure.").

Szany states that her submission should not be kept under seal "with the exception of one small part of the content along with a written part of a sworn statement (Ex.J)." (Pl's Mot. File Seal ¶ 2, ECF No. 261). No additional argument is presented.

The City of Hammond contends that the motion should be denied and stricken. First, the City argues that the instant motion is an impermissible attempt to supplement Szany's earlier response to the brief on *ex parte* submission. Second, the City of Hammond argues that Szany is attempting to introduce matters irrelevant to the resolution of the *ex parte* submission.

As to the first argument, the City of Hammond cites to a previous order in this case in which the Court struck a filing that had not been accompanied by a motion to supplement. In that earlier context, a party filed documents with the Court on March 17, 2019, and then, without leave of Court, filed a supplement to those documents on March 19, 2019. Here, the unsealed portion of the response was filed on May 27, 2019, at 12:58 a.m. and was refiled on May 27, 2019, at 1:01 a.m. The sealed portion was filed, as an attachment to the motion to seal, on May 27, 2019, at 10:58 p.m. The combined portions of the response briefs do not extend beyond the 25 pages permitted by local rule. Importantly, Szany indicated in her unsealed response that she would be filing another document with her arguments pertaining to materials that she believed needed to be filed under seal. (Pl.'s Resp. Opp'n ¶ 30, ECF No. 260). Though Szany's filings spanned nearly 24 hours, they were all filed on the same day, and the first filing anticipated the subsequent filing. In the specific context presented by the filing of docket entries 259, 260, and 261, the Court finds that the motion to seal should not be stricken as an improper attempt to supplement Szany's earlier response brief.

The City of Hammond's second argument is better received. The material presented under seal does not help the Court resolve the underlying question of whether the law enforcement investigatory privilege applies to the *ex parte* submission. Because Szany was unable to view the *ex parte* submission, she was undeniably at a disadvantage in trying to argue that the material should not be protected by the law enforcement investigatory privilege. Still, because her sealed exhibit materials did not affect the judicial decision on the underlying motion, there is no presumption of public access. Given the sensitive material contained in the documents and the privacy interests of those who gave statements, the Court will maintain the seal on the *ex parte* order of protection, sworn statement, and deposition testimony at this time.[1] Further, the sealed portion of the response brief did not aid the Court in ruling on the underlying motion. Again, the Court notes that Szany was at a disadvantage in that she did not know the contents of the *ex parte* materials and does not fault her for her sealed response's lack of help in resolving the privilege issue. For this reason, the materials will not be stricken. However, because the sealed response did not underpin or influence the decision on privilege, the presumption of public access does not apply.

The motion to seal itself, however, is presumptively public because it is a motion that the Court considered and ruled upon. Neither party asked to seal this motion (though the City of Hammond asked that it be stricken). The contents of the motion do not warrant secrecy. The Court finds that the motion to seal should be unsealed.

---

[1] Perhaps some of this information is public, but the Court sees no reason to parse that issue here where the filing was not entitled to a presumption of public access.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the relief requested in the Notice of Ex Parte Submission of Documents for In Camera Review [DE 247] and **GRANTS in part** and **DENIES in part** Plaintiff's Motion to File Under Seal [DE 261].

The Court **ORDERS** that the law enforcement investigatory privilege does not apply to the material submitted for *in camera* review. If the materials are otherwise responsive to a discovery obligation, the Court **ORDERS** the City of Hammond to have transcripts of the audio recordings made, to **REDACT** the names and other identifying information concerning the ride-along students from the transcripts and other documents, and to **TURN OVER** the transcripts and documents to Plaintiff.

The Court **DIRECTS** the Clerk of Court to **UNSEAL** the main document of docket entry 261 and to **MAINTAIN UNDER SEAL** docket entries 261-1, 261-2, 261-3, 261-4, and 261-5.

So ORDERED this 14th day of August, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT