UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DENISE SZANY,                    )
                                 )
            Plaintiff,           )
                                 )
       v.                        )         CASE NO. 2:17-cv-74-PPS-JPK
                                 )
JAIME GARCIA, and                )
CITY OF HAMMOND,                 )
                                 )
            Defendants.          )

## OPINION AND ORDER

This matter is before me on Plaintiff Denise Szany's Partial Objection to the

Report and Recommendation of Magistrate Judge Joshua Kolar. [DE 279.] Judge Kolar

issued a Report and Recommendation on three pending motions: (1) Plaintiff's

Amended Motion for Sanctions Against Defendant Hammond and Its Attorneys [DE

159]; (2) Defendant City of Hammond's Motion for Rule to Show Cause Why Plaintiff

Should Not Be Held in Contempt [DE 163]; and (3) Plaintiff's Motion to Strike and for

Sanctions [DE 233]. These three motions were referred to Judge Kolar for Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [DE 161, 221, 242.] On July 3,

2019, Judge Kolar issued his Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(C), recommending a denial of Szany's motions and a partial grant of the City

of Hammond's motion, requiring that Szany's counsel respond to a show cause order

through declaration testimony. [DE 278.] Szany timely filed objections to the Report and

Recommendation. [DE 279.] For the following reasons, I adopt Judge Kolar's Report and

Recommendation in large part, but disagree with him on the City's motion, which I will deny as well.

## Background

Denise Szany was at all relevant times a police officer with the Hammond, Indiana Police Department. Szany alleges that she was the victim of sexual harassment and assault at the hands of another police officer (defendant Jamie Garcia) and the City of Hammond. Judge Kolar's Report and Recommendation comprehensively recited the lengthy procedural history that got us to this point, and it need not be repeated here. [DE 278 at 1-13.]. Suffice it to say, discovery in this case has been contentious. Szany has accused the City of slow-walking discovery, concealing evidence, and even falsifying documents. She has filed numerous motions for sanctions, including some which were withdrawn, several which were denied because of violations of the Northern District of Indiana Local Rules, and the two at issue here. The City denies the characterization and instead says it has acted reasonably throughout, even if there were some justifiable delays in producing certain documents containing sensitive information. Indeed, it says that Szany is the one who has violated the rules and norms of federal litigation, filing then withdrawing numerous motions for sanctions and most relevant here for purposes of its motion, impermissibly litigating her case in the public eye through her lawyer's statements to the press which the City says violated the Court's Protective Order.

With that general background in mind, it's time to discuss the specific issues before me. In October 2018, the City sought to shield Officer Garcia's internal affairs file

from production by filing a motion for a protective order. While Judge Kolar

determined that some of these documents were relevant to the claims and proportional

to the needs of the case, the relevant documents from the internal affairs file were

protected by law enforcement privilege. [DE 102.] Judge Kolar also entered a Protective

Order in the case governing discovery generally and which forbade the dissemination

of "Confidential Material," including information gleaned from confidential documents

produced during litigation. [DE 103 at ¶ 3.] Those rulings and orders are not challenged

or before me but are necessary to understand the situation at hand.

      The next key event and filing was the Motion for Leave to Disclose Confidential

Record filed by the City in response to a local newspaper's public records request. [DE

142.] The issue was the document Judge Kolar and the parties refer to as Document

367A (the numbering based upon where the City said it "should" have been originally

located in its files). It also came out that this document, which was a part of Officer

Garcia's personnel file, had not been produced to Szany when the rest of the personnel

file was produced on January 7, 2019. The Court granted the request to disclose

Document 367A to the requesting newspaper. [DE 278 at 6.]

      This provides the relevant background to evaluate Judge Kolar's Report and

Recommendation and Szany's attendant objections. Additional events, discussed below,

involving Szany's statements to the press and the City's attachment of certain payroll

records of Officer Garcia to filings after the close of discovery are also at issue, but

repeating the details and timeline of them here is not necessary to decide the issues before me.

**Discussion**

When a party objects to a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; Fed. R. Civ. P. 72(a). Szany frames her objection as only "partial" but challenges Judge Kolar's ruling on each of the three motions at issue. As such, I will address each separate argument raised by Szany over the three motions, although the disjointed way the objections are presented makes this a somewhat arduous task.

The first objection I will address is that her Motion for Sanctions [DE 159] should have been granted. This motion dealt primarily with the circumstances under which the piece of discovery known as Document 367A was produced. Document 367A is a letter from the Hammond Chief of Police requesting board approval of a disciplinary action taken against Officer Garcia. [*See* DE 144.] Szany argues that Judge Kolar's ruling on her Motion for Sanctions failed to "address Plaintiff's argument that the filing by Hammond was retaliatory." She tells me it was retaliatory because shortly after filing her motion on May 2, Hammond responded by filing a "motion for sanctions against Plaintiff and her counsel." [DE 279 at 2]. She cites to Docket Entry 185 at paragraph 2 in

support of her argument. [DE 279 at 2, ¶ 6.] But I'm at a loss to see how that citation has anything to do with the allegation of "retaliation." That docket entry isn't a motion—it's a piece of discovery in this case. Nor can I ascertain what "motion for sanctions" filed by the City after May 2, 2019 that Szany is referring to. My review of the docket does not show any affirmative motion for sanctions being sought by the City since that date. My best guess is that Szany is referring to the City's Motion for Rule to Show Cause [DE 163] which was filed after the City learned of comments made to the press which it believed violated the terms of the Protective Order. [DE 103.] But even still, that motion wasn't filed after Szany's Motion for Sanctions [DE 159], but in February 2019. Even assuming that is the motion Szany is referencing, I don't understand what Szany means when she says that the motion for sanctions was "retaliatory" beyond the fact that it filed a motion which Judge Kolar recommended be granted in part. In all events, Szany's argument that something Hammond did was "retaliatory" is vague, unsupported, underdeveloped, and therefore without merit.

Szany's next objection is that she thinks the City and its attorneys acted in bad faith by claiming Document 367A was confidential and not producing it in a timely manner. [DE 279 at 2-3.] She claims this delay caused harm to her litigation efforts and obstructed her efforts to obtain discovery in this case. She argues that the City "falsely represented to the Court" that Document 367A was not a public document. [*Id.*] As Judge Kolar noted in his Report and Recommendation, however, the City made no such representations and Szany's arguments to the contrary are without any basis in the

record. [DE 278 at 15.] Instead, as Judge Kolar noted, the City acknowledged that Document 367A was subject to a public records request but given its relevance to the litigation and the definition of "Confidential Material" within the Protective Order, it had concerns releasing the document. [*Id.*] Thus, there was no reason for sanctions on this basis.

Concerning the timing of the production of Document 367A, I agree with Judge Kolar that Szany has failed to show that Document 367A was not produced in a timely fashion or that the production delay was the result of bad faith or wrongdoing. After the Court ordered production of Officer Garcia's personnel file on December 14, 2018, the City collected what it says it thought was the complete personnel file and produced it on January 7, 2019. [DE 278 at 16.] Document 367A was apparently missing but was then produced to Szany on February 13, 2019. [*Id.*] It was produced prior to the close of discovery and shortly after the production of Defendant Garcia's personnel file. That timeline belies any notion of an attempt to intentionally withhold the document and gain an unfair advantage during discovery.

More importantly, Szany has not shown any prejudice as a result of the relatively short delay between the City's production of Garcia's personnel file and the production of Document 367A. After all, once she received the document, discovery was still open. She could have, for example, taken depositions or served interrogatories, and she could have sought leave of court if necessary. Instead, Szany took a different tack. She decided

to skip those steps and file a motion for sanctions, and she lost. Any prejudice was thus of her own making.

Next, Szany objects to the denial of her Motion to Strike and for Sanctions [DE 233] which relate to what she says was the City's failure to timely turn over what are known as Exhibits F and G. [DE 231-6 and 231-7.] These are payroll records and pay stubs for Officer Garcia which show that he served a five-day suspension without pay. [*Id.*] Szany moved to strike these documents and sanctions, arguing that these documents should have been produced in discovery. [DE 233.] As Judge Kolar noted, Szany failed to support her argument with any relevant case law beyond assertions of "7th Circuit and SCOTUS' pronouncements" and accordingly the argument can be considered waived. [DE 279 at 22]. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived[.]").

Even if it weren't waived, the objection is without merit. Szany says these documents should have been produced in discovery because they were responsive to her Requests for Production (RFPs). Specifically, she points to RFPs 5, 7 and 8, which sought:

> 5. [A]ny and all communications . . . which include Szany's name, for the period October 19, 20196 to the present.
>
> 7. [A]ll documents, records, audio, and video, which prove or disprove Plaintiff's allegation[s].

8. [A]ll documents, records, audio, and video, held by Defendant, [which] are relevant to the instant Complaint in the U.S. District Court.

[DE 279 at 5.] Obviously, none of these RFPs specifically sought payroll records or paystubs showing that Garcia served a suspension. And beyond the fact that RFPs 7 and 8 are hopelessly vague on their face (and thus it's difficult to see how these documents would be responsive to these RFPs), the City specifically objected to all three RFPs. Szany did not pursue a motion to compel to overcome those objections. Instead, she filed a motion for sanctions and I agree with Judge Kolar that it must be denied.

The final objection concerns the declaration that Judge Kolar ordered Szany's counsel to prepare. Szany's counsel says he does not "object to Plaintiff's counsel swearing out a declaration" and so does not really challenge the end result of Judge Kolar's decision on the City's Motion for Rule to Show Cause. [DE 163.] Instead, the objection seems to focus on the fact that Judge Kolar did not require a similar declaration from the City's attorneys. Szany takes issue with the fact that Judge Kolar took at face value representations from the City's attorneys concerning their discovery efforts and the timing of document production. [DE 279 at 1-2.] This objection has no merit, and as discussed below, I don't think any declaration from either party is necessary. Szany did not seek any such declaration from the City's attorneys, nor is it clear to me why she would have had a basis to do so. Instead, she offers speculation and reiterates the false notion that the City withheld document 367A based on the law

enforcement privilege and Judge Kolar ignored it. Judge Kolar addressed the law

enforcement privilege issue in his Report and Recommendation at footnote 6. [DE 278 at

14, n.6.] Szany's objection reads more as a tit-for-tat complaint or soup grapes because

she doesn't like the answers that the City gave. But she does not raise any real

substantive argument.

Judge Kolar's reasoning for the partial grant of the City's motion is thus

unchallenged by Szany and I generally agree with the Report and Recommendation.

Judge Kolar found concerning the timing and content of two newspaper articles which

contained three statements that came from Szany's counsel. Judge Kolar found that two

of these statements were based upon matters within the public record at the time of

their publication. [DE 278 at 25-29.] Thus, those statements were not problematic or

potentially sanctionable. But on the third statement, Szany's counsel's belief that Officer

Garcia used a taser inappropriately on suspects, Judge Kolar found that there did not

appear to be any public record basis for the press to have known this at the time of the

article's publication. [*Id.* at 26.] Thus, Judge Kolar had concerns that Szany's counsel

learned of this alleged conduct through confidential discovery produced in this case

and may have leaked it to the press in violation of the Protective Order.

But Judge Kolar found that this conduct, if true, would not meet the clear and

convincing evidence standard for a finding of contempt. I agree, primarily because of

the standard of proof required for a finding of contempt is a high one. *S.E.C. v. Hyatt*,

621 F.3d 687, 692 (7th Cir. 2010). Nor did he find that it could have violated the terms of

the Protective Order's limits on the disclosure of "Confidential Matter" learned through discovery. [DE 278 at 27-29.] The basis for this ruling was Szany's counsel statements that the source of his information was outside sources and rumors, not the documents produced in discovery.

Instead, Judge Kolar found that Szany's counsel's conduct potentially ran afoul of the Indiana Rules of Professional Conduct. In particular, Rule 3.6 which states:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

Ind. R. Prof. Conduct 3.6(a). While Judge Kolar did not think Szany's counsel's alleged conduct warranted a finding of contempt or Rule 37 sanctions, he had concerns and was unsatisfied with Szany's counsel's response in the briefing and at the hearing on the motions. Two of the three statements at issue were from the public record, and thus protected by the "safe harbor" provision of Rule 3.6(b)(2). Ind. R. Prof Conduct 3.6(b)(2); *In re Brizzi*, 962 N.E.2d 1240, 1247 (Ind. 2012). But there was no basis in the public record for the comments concerning Officer Garcia and improper use of a taser.

Given these concerns, Judge Kolar recommended that I order Szany's counsel to file a sworn declaration, *ex parte* and under seal if necessary. He recommended that the declaration address the source of the information that Officer Garcia may have improperly used a Taser while off-duty:

1. Whether a statement to this effect was in the public record prior to February 19, 2019, and if so, where the statement is found;

2. The grounds upon which Szany's counsel based the statement and any potential basis for the admissibility of such allegations at trial; and

3. Any grounds upon which he believes, or believed, that the statement does not create a substantial risk of prejudicing an impartial trial.

[DE 278 at 35.]

I share Judge Kolar's concerns that, without a basis in the public record, feeding such information to the press would be improper. But I don't see a lot of utility in such a declaration. If Szany's counsel learned of confidential information from discovery in this case and then shared it without first challenging its confidentiality designation, that would be highly improper. That would seem to be a clear-cut violation of the Protective Order and best addressed through Rule 37 sanctions. And if it didn't come from a source governed by the Protective Order, it may have "only" violated the Indiana Rules of Professional Conduct. But I do not share the City's or Judge Kolar's concerns that the article tainted the jury pool to the point that this matter warrants further investigation or use of the court's time.

Indeed, as the Report and Recommendation recognized, the two newspaper articles at issue here are "a far cry from the relentless media coverage" in *Sheppard v. Maxwell*, 384 U.S. 33, 363 (1966) and similar cases in which there is an overwhelming risk of prejudice of jury tainting. Whatever concerns remain are best left address through voir dire of prospective jurors. Nor do I think a declaration from counsel will

help correct any potential problems with the jury pool. It would likely only drag this dispute on further, probably with another wave of motion practice by the parties. Accordingly, I will deny the City's motion in full and not adopt the portion of the Report and Recommendation which partially granted it.

Finally, I would be remiss if I did not comment on the general tenor of the motion practice I have seen so far in this case. This case was reassigned to me a few months ago. In my review of the docket, and in reviewing the matter presently before me, I was frankly stunned at the level of vitriol in this case. It has been extensive to say the least, and at times it has bordered on excessive. Neither party has approached these issues with clean hands either. There have been arguments which have been improperly raised (in reply briefs or without citation) and motions which have flouted the local rules. While the vast majority of these motions have been handled by the Magistrate Judge or previously assigned District Judge, with discovery now closed, this case is now mine to deal with. I will therefore take this opportunity to tell the parties and their counsel that any further conduct which even appears to run afoul of Federal Rule of Civil Procedure 1, the Indiana Rules of Professional Responsibility, or the Northern District of Indiana Local Rules, will not be taken lightly and will be dealt with accordingly. Counsel should consider themselves directed and admonished on these points and any further impropriety will be handled with appropriate sanctions, up to and including dismissal or striking of pleadings. I further suggest that Szany's counsel

refrain from making additional comments about this case to the press while it is still pending. Enough of that is enough.

## Conclusion

For the foregoing reasons, the Court ADOPTS, in part, the Report and Recommendation of Judge Kolar [DE 278]. Accordingly, the Amended Motion by Plaintiff for Sanctions Against Defendant Hammond and Its Attorneys [DE 159] is DENIED; Plaintiff's Motion to Strike and for Sanctions [DE 233] is DENIED; and Defendant City of Hammond's Motion for Rule to Show Cause Why Plaintiff Should Not Be Held in Contempt [DE 163] is DENIED.

SO ORDERED on August 19, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT