# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:17-CV-74-PPS-JPK |
| | ) |
| JAIME GARCIA and CITY OF HAMMOND, | ) |
|     Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Defendant, City of Hammond's, Motion to Redact Transcript of Hearing [DE 245]. The City of Hammond seeks to make redactions to the transcript from the April 23, 2019 hearing in this case. The hearing was on a Motion for Sanctions filed by Szany and a Motion for a Rule to Show Cause filed by the City of Hammond, which were referred to the undersigned for a Report and Recommendation. No response to the Motion to Redact was filed. For the reasons stated below, the motion is denied with one exception.

The public pays for the courts and, thus, has an interest in judicial records. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009); *accord Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016). The general presumption that judicial records are public is overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C.*, 439 F.3d at 348. However, "the presumption of public access

applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The City of Hammond organizes its redaction requests into three categories, albeit with some overlap: references to allegations of generalized violence that fall outside of the Court's orders on relevance, hypothetical sexual misconduct that does not reflect actual allegations made in this case, and a sworn affidavit by an ex-wife of Defendant Garcia.

First, the allegations of generalized violence pertain to allegations that Garcia improperly used a Taser. The Court previously permitted documents regarding this alleged incident to remain under seal. However, important to that decision was the fact that the allegations did not influence a judicial decision. *See* (Op. & Order 2-3, ECF No. 208). Here, however, the allegations are part of the Court's analysis on the City of Hammond's motion for rule to show cause. Thus, the allegations have not merely "crept into the record." *Goesel*, 738 F.3d at 833. Accordingly, the presumption of public access applies.

As the City of Hammond notes, this presumption of public access can be overridden where property and privacy interests predominate. *Citizens First Nat'l Bank*, 178 F.3d at 945. As the Court has previously noted, "[t]here is undoubtedly a significant public interest in exposing police misconduct," *Saunders v. City of Chicago*, No. 12-cv-9158, 2017 WL 3082036, at *5 (N.D. Ill. July 19, 2017), and "the public has a particularly strong interest in being informed about its public officials, especially in the case of law enforcement officers," *Hutchins v. Clarke*, 661 F.3d 947, 955 (7th Cir. 2011). On the other side of the equation, the City of Hammond does not assert any particularly compelling property or privacy interest to counter the public interest.

The Court explicitly stated in its prior decision sealing from public view information regarding the Taser incident that the City of Hammond's then-stated interest in ensuring that its officer's reputation is not unfairly or unjustly tainted by public disclosure—*combined with the deposition excerpts' lack of influence in or contribution to the resolution of the underlying motion for protective order*—provided good cause to seal the deposition excerpts from public view that pertain to matters outside of Szany's complaint against Garcia. Here, where the information sought to be redacted influenced and contributed to the Court's analysis in its Report and Recommendation on its underlying Motion for Sanctions and Motion for a Rule to Show Cause, the information will not be redacted. The Court notes that the City of Hammond filed its Motion to Redact prior to the Court's Report and Recommendation (ECF No. 208) so it is understandable why it advanced the arguments it did in its Motion to Redact.[1]

The same analysis holds for the hypothetical misconduct raised by Szany's counsel at the hearing. This hypothetical misconduct is contained in the Court's Report and Recommendation on the City of Hammond's motion for rule to show cause and influenced the Court's recommendation regarding the alleged violation of Indiana Rule of Professional Conduct 3.6. Thus, the presumption of public access applies. Granted, the statements are only hypothetical—not allegations—and not as connected to the merits of this case. But, the presumption of public access applies, and the City of Hammond has not rebutted this presumption with any statement of a competing interest. There is no good cause to seal these hypothetical statements from public view.

The final category is information said to be in a sworn affidavit. The Court did not use this information in analyzing the underlying issues. In this context, the information "crept into the record," so the presumption of public access does not apply. Given the sensitive nature of the as-

---

[1] References to the allegations of a use of a Taser were also included in the City of Hammond's Brief in Support of a Rule to Show Cause. *See* (Def.'s Br. Supp. 4, ECF No. 164).

yet untested assertions and noting the lack of argument presented for public access, the Court finds that the public's interest in this information is outweighed and that there is good cause to permit this redaction.

Based on the foregoing, the Court hereby **DENIES in part** and **GRANTS in part** Defendant, City of Hammond's Motion to Redact Transcript of Hearing [DE 245]. The Court orders that the words between "affidavit as to" and "and so forth" on lines 7-8 of page 53 of the transcript of the April 23, 2019 hearing held in this case shall be **REDACTED**. No other redactions shall be made.

So ORDERED this 19th day of August, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT
