UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DENISE SZANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-74-PPS-JPK |
| | ) | |
| CITY OF HAMMOND, and | ) | |
| JAIME GARCIA | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Pending before me is the City of Hammond's motion to dismiss Count VII of plaintiff Denise Szany's Sixth Amended Complaint. [DE 268.] I previously dismissed this claim of retaliation and sexual harassment, but I gave Szany another opportunity to amend her complaint to state sufficient factual allegations which could plausibly form a basis for relief. [DE 249.] She took me up on the offer and filed the Sixth Amended Complaint [DE 258], but the revised factual allegations still fall short of the pleading requirements. Accordingly, I will grant the City's motion and Szany's claim for retaliation will be dismissed, with prejudice.

**Background**

This lawsuit stems from alleged battery and sexual harassment which occurred between two police officers with the Hammond Police Department. Szany alleges that defendant Jaime Garcia assaulted her by grabbing her by her vest, then her belt and then by physically harming her. She alleges that during this altercation, Garcia slapped

her on the buttocks with an open hand. Szany filed a complaint with the EEOC regarding this conduct, received a right to sue letter, and then filed this lawsuit in February 2017. [*See generally* DE 1.]

Count VII alleges that roughly a year after the lawsuit was filed (sometime in 2018), the City retaliated against Szany for pursing her legal rights. [DE 258 at 12, ¶ 2.] She alleges that the City was aware of her protected activity (this lawsuit) and that the retaliation occurred when the City/Hammond Police Department assigned her to use the same police car as Garcia. She says this put her "in a dangerous situation as well as contributed to the then ongoing pervasive hostile work environment." [*Id.* at 13, ¶ 6.] The Hammond Police Department has approximately two hundred police officers and approximately fourteen numbered police cars. [*Id.* at 14, ¶ 11.] Thus, officers on different shifts use the same set of cars. But Szany says that by assigning her to use the same car as Garcia for her shift put her "in a position in which she was terrified" because she feared Garcia would harass or batter her again. [*Id.* at 14-15, ¶ 15.] But there is no allegation that as a result of the car assignments that Garcia and Szany were ever assigned to use the car at the same time, that they interacted with one another as a result, or that Garcia actually did anything untoward or inappropriate to Szany during this time. After three months of this assignment system, Szany's counsel wrote a letter and from then on Szany was no longer assigned to the same car as Garcia. [*Id.* at 13, ¶ 5.] That's the extent of the relevant factual allegations contained within the Sixth Amended Complaint and what I must evaluate for their sufficiency.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure and related case law control the outcome of this motion to dismiss. To withstand the City's motion, Szany's complaint must contain "allegations plausibly suggesting (not merely consistent with)" an "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). This requires her to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. If the complaint only alleges relief at "the speculative level" though, she has not met her burden and the claim is properly dismissed. *Id.* at 555. As noted, this is the second time I am reviewing this specific claim to determine if Szany has pleaded sufficient facts to state a claim. I previously dismissed this same claim because Szany failed to plead facts which would suggest she is entitled to relief, but I gave her a chance to add to those facts by alleging, for example, that she was required to use the same police car as Garcia at the same time. [DE 249.] The City says that Szany still has not alleged sufficient facts to state a claim. I agree.

In addition to traditional discrimination based on protected class, "Title VII also prohibits retaliation against employees who engage in statutorily protected activity by opposing an unlawful employment practice or participating in the investigation of one." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). "A retaliation claim requires proof that the plaintiff suffered an adverse employment action because of his statutorily protected activity; in other words, the plaintiff must prove that he engaged in protected activity and suffered an adverse employment action, and that

there is a causal link between the two." *Id.* Furthermore, the adverse employment action must be material. The Seventh Circuit has defined material as meaning "more than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). It need not directly relate to title, pay, benefits, or specific duty-type things, but things that are nothing more than a "mere inconvenience" that may make an employee unhappy, do not qualify. *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1005 (7th Cir. 2018) (citation omitted). It's an objective test and requires conduct that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (citation omitted).

Here, Szany alleges only speculation that she was going to be harmed or harassed because of the car assignment system. But that is not a material adverse employment action. Notice pleading doesn't require much, but it certainly requires more than the subjective fear of unrealized harm that Szany has offered. She alleges only that she and Garcia "could potentially come physically into contact with one another", and "would and could [need to] interact" with one another when turning over the keys or discussing car maintenance needs as a result of being assigned the same car. [DE 258 at 14, ¶¶ 12, 14, 15.] Beyond legal conclusions and recitations of the elements of retaliation, there is nothing more. For example, there are no allegations that Szany, in fact, had to exchange keys with Garcia on an occasion, let alone any allegation that during the phantom car swap Garcia actually did something offensive or untoward

to her. Instead, she alleges only that she was fearful of something that could potentially happen. That's not enough. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. In other words, "liability may not be predicated purely upon speculation." *Campbell v. Supervalu, Inc.*, 565 F. Supp. 2d 969, 980 (N.D. Ind. 2008).

In sum, Szany's allegations read more like a slight inconvenience than an adverse employment action. And the inconvenience was remedied by her employer when she (and her attorney) brought the matter to its attention.

Contrary to Szany's argument, my finding that she does not meet the basic pleading requirements does not impose an especially onerous burden on her and her pleadings, as was the case in *Freeman v. Metropolitan Water Reclamation District of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019). In *Freeman*, the Seventh Circuit partially reversed the grant of a motion to dismiss a *pro se* plaintiff's disability discrimination claim because the district court required factual specificity related to the plaintiff's alleged or perceived disability. The plaintiff alleged he was fired and retaliated against because of his perceived alcoholism after he had his license suspended for driving while intoxicated. The district court ruled that the plaintiff's claim had to be dismissed because he failed the allege how alcoholism substantially limited a major life activity, *i.e.* was a disability in this context. The Seventh Circuit held this was too high a standard and restated that a complaint need only cover the basics of the claim at issue and that the plaintiff had in fact alleged enough. *Id.*; *see also Bennett v. Schmidt,* 153 F.3d

516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."). Here, the problem is wholly different than *Freeman* because Szany has failed to allege any material adverse employment action, which is a necessary element of her claim. To borrow from the Seventh Circuit's example in *Bennett*, that's akin to a plaintiff pleading only their race but failing to lay out that they were turned down for a job. Without the harm or an adverse employment action, there is no claim.

In addition to the above inadequacies, the City also argues that Szany's claim fails on causation grounds. "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347-48 (2013). Given that the failure to plead a material adverse employment action is fatal to the claim, resolution of this argument is unnecessary. But I agree that Szany further fails to adequately allege the required "but for" causation of a retaliation claim and so even if she had pleaded a material adverse employment action, she fails to state a claim.

Szany alleges that the retaliation occurred because she filed this lawsuit. But as the City notes, this lawsuit was filed in February 2017, [DE 1], and the allegedly retaliatory actions took place over a three-month period at an unspecified time in 2018, or about a year (or more) later. Szany does not allege any direct connection between this lawsuit and her employer's alleged retaliation, instead only speculation and subjective

belief that they are related. For example, there's no statement by a supervisor that he was going to make her life hell because she sued or anything like that. And while such "smoking gun" evidence is often hard to come by and is by no means required at the pleading stage, something more than pure speculation is necessary. Furthermore, her speculation has much less force and the City's actions are less suspicious because the alleged retaliation took place long after the protected activity. *See, e.g.*, *Lalvani v. Cook Cty., Illinois*, 269 F.3d 785, 790 (7th Cir. 2001) (holding that termination a year and a half after protected activity failed to satisfy causation). Of course, "temporal proximity is only evidence of causation, not a separate element of the *prima facie* case", *Lalvani*, 269 F.3d at 791, but here, where Szany has alleged nothing else to support causation, that lapse in time makes her claim deficient.

In my previous opinion dismissing this claim, I noted my reluctance to allow an amendment since it was already the fifth iteration of the complaint. [DE 249 at 6.] That reluctance was well-founded it seems, as Szany has not offered any additional facts which salvage this claim. Instead, she has offered the same basic facts with a few additional statements of her subjective beliefs. Nor could she learn more through discovery, as discovery in this case is now closed. [DE 287.] As such, her claim will be dismissed with prejudice. *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (holding that dismissal with prejudice is "eminently reasonable" where party is afforded multiple opportunities to replead and fails to follow explicit instructions on how to correct inadequacies in earlier pleading).

**Conclusion**

For the foregoing reasons, defendant The City of Hammond's Motion to Dismiss Count VII [DE 268] is GRANTED. Count VII of the Sixth Amended Complaint is DISMISSED, with prejudice.

SO ORDERED on September 30, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT