UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE SZANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-74-PPS-JPK |
| ) | |
| JAIME GARCIA, and ) | |
| CITY OF HAMMOND, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the plaintiff's objections to the defendants' Bills of Costs. [DE 384, 385.] I previously granted summary judgment in favor of defendant the City of Hammond and against plaintiff Denise Szany. [DE 374.] I also dismissed certain state law claims which had been brought against defendant Jaime Garcia. Those claims were dismissed because without any federal claims against Hammond, there was no jurisdiction for me to hear a case between on Indiana resident suing another Indiana resident for Indiana state law torts. Judgment was entered and now both Hammond and Garcia seek the taxation of costs against Szany. Hammond seeks $6558.30 [DE 379] and Garcia seeks $1,910.20 [DE 381]. Szany opposes both requests [DE 384, 385], arguing on multiple grounds that costs should not be taxed against her in favor of either party, and secondly, that in the event they are, the amounts sought should be reduced. As discussed below, Szany's objections are mostly without merit and so costs will be taxed against her, albeit in a slightly reduced amount.

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are within the categories listed in 28 U.S.C. § 1920. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). Indeed, the Seventh Circuit has gone so far as to say there is a "strong presumption" that a prevailing party is entitled to its costs. *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). "This presumption 'is difficult to overcome' and therefore, 'the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them.'" *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (citations omitted).

Szany does not deny that Hammond or Garcia are prevailing parties in this litigation. Instead she merely asks me to use my discretion to deny them costs. In support of her argument she cites to the Fourth Circuit's decision in *Ellis v. Granton Thornton LLP*, 434 F. App'x 232 (4th Cir. 2011). In *Ellis*, the Fourth Circuit spelled out five factors to consider when confronted with an objection to bill of costs: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the

-2-

costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis* 434 F. App'x at 235. Szany's reliance to out-of-circuit precedent is rather unhelpful, as the Seventh Circuit handles the issue differently. "In *Rivera* [*v. City of Chicago*, 469 F.3d 631, 635-36 (7th Cir. 2006)] we instructed that, after a finding that the losing party is too poor to pay costs, district courts should consider 'the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised.'" *Bell v. Bd. of Educ. of Proviso Twp. High Sch. Dist. 209*, 662 F. App'x 460, 463 (7th Cir. 2016). Thus, a finding of indigency is a perquisite to any finding that a party should not have to pay a prevailing opponent's costs. And Szany makes no effort to show she is indigent.

Furthermore, even if I were to consider her good faith in this litigation and the closeness and difficulty of the issues raised, those would not tip the scales in Szany's favor. In multiple orders and opinions I had to admonish Szany (or rather her counsel) to stop violating local rules, and in other instances I had serious doubts as to counsel's good faith in some of the positions taken. [*See* DE 249 at 7, DE 284 at 12-13, DE 301 at 7, DE 322-23, DE 374 at 11-12, 15, 17, 22-23, 27-28, 43-44.] Nor was this particularly a close case, especially as to Hammond. I granted summary judgment in Hammond's favor which required a finding that no reasonable jury could have decided this case in Szany's favor. Truthfully, the case was "difficult" not because of the issues involved, but only because of how counsel approached this case. Finally, Szany's case obviously

involved serious allegations of misconduct on Garcia's part, but that does not erode the presumption in favor of awarding costs to prevailing defendants.

Szany's second argument is likewise unpersuasive. She attaches the contract entered into by the Fraternal Order of Police and Hammond then points to its indemnification provisions. She says that under the contract, she is indemnified by the City of Hammond for "all sums" she is "obligated to pay by reason of liability imposed by law upon" her individually. [DE 385 at 3.] She also posits that Garcia's counsel was paid for by the City of Hammond and so she should not have to pay his costs either. [DE 384 at 4.] That may well be the case, but I will not consider the issue because it puts the cart before the horse. I can't short circuit things and deny either Hammond's or Garcia's bill of costs because Szany says under her union contract those costs would eventually be indemnified. That contract is not at issue in the case and Szany never included a claim for indemnification in her lawsuit. If she is entitled to indemnification from Hammond, she should seek it. If Hammond wrongly denies it, then maybe she can file another lawsuit for indemnification. But let's hope not.

With the issue as to whether costs should be taxed settled in favor of Hammond and Garcia, the next question is in what amounts. Under the relevant statute, costs allowed include: (1) clerk and marshal fees; (2) costs of printed or electronically recorded transcripts necessarily obtained for use in the case; (3) costs and fees for printing and witnesses; (4) costs for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket

-4-

fees; and (6) compensation of court-appointed experts. 28 U.S.C. § 1920. In determining whether costs were necessary, all the prevailing party needs to show is that they were "reasonably and prudently obtained" at the time they were obtained based on "how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014). Likewise, when arguing that asserted costs are not reasonable, the losing party cannot rely only on "hyperbole" but instead needs "legal argument" to show "that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Szany objects to numerous specific costs sought by Hammond and Garcia. I'll march through those objections in turn, overruling most but sustaining others.

- Szany objects to $55.88 and $89.25 in costs associated with creating two hearing transcripts ordered by Hammond. [DE 385 at 4.] Hammond says these transcripts were necessary because it needed to review them in order to identify confidential information which needed to be redacted. That some of Hammond's requests to redact were ultimately denied by the Court is beside the point. Again, the question is whether it was prudent at the time. *Sheilder*, 750 F.3d at 699. Hammond is seeking to recover the cost associated with preparing the transcript charged by the court reporter, which is allowable. Szany's objections to these costs are overruled.
- Szany objects to $6.80 of copies of a Notice of Deposition and Supplemental Discovery responses, arguing in an *ipse dixit* fashion that these copies must have been only for the convenience of counsel and are thus not taxable. [DE 385 at 4.] Hammond responds these were copies

necessary for service on plaintiff and under 28 U.S.C. 1920(4), the costs for copies of materials are expressly allowed. Szany's objection to this cost is overruled.

- Szany objects to $1,507.50 in costs associated with the video recording of her deposition. [DE 385 at 4-5.] The basis for her objection is that in her counsel's opinion, written transcripts are generally sufficient, except at trial. This objection has no basis in law, as there was no way for Hammond to know there would not be a trial in this matter at the time this cost was incurred. The reasonableness of a cost must be considered without hindsight. *Scheidler*, 750 F.3d at 699. Szany's objection to this cost is overruled.

- Szany objects to $20.00 for the creation of a DVD of audio files and $100.00 for the creation of CDs of files produced during discovery. [DE 385 at 5.] She asserts, again without authority, that this should not be recoverable. But "[t]he costs of conversion to an agreed-upon production format are taxable as the functional equivalent of making copies[.]" Bateman *et al.*, Fed. Proc. L. Ed. § 51:101 (2020); *see also Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 250 (D. Del. 2012) ("ediscovery exchanged would be the functional equivalent of making copies and governed by the provisions of § 1920(4)."). $20.00 for the time and effort to create a DVD of audio files and $100.00 for a CD is not per se unreasonable or without basis. Szany's objection to these costs are overruled.

- Szany objects to $617.00 in costs to create transcripts of audio files produced in discovery pursuant to a court order. Hammond says she misconstrues what this charge relates to and has attached an invoice for this amount. It appears plainly to relate to the costs of transcripts, which

-6-

are recoverable under 20 U.S.C. § 1920(2). Szany's objection to this cost is overruled.

- Szany objects to $101.20 in costs for copies of documents Hammond says were used during depositions on the basis that Hammond does not specify what exhibits were copied or why they were necessary. [DE 385 at 6.] In responding to Szany's objections, Hammond does not contest this point or elaborate on this cost. "When a prevailing party does not identify the exhibits for which it claims costs, the 'court should deny awarding costs for the exhibits because it is impossible to determine whether the costs were necessary for use in the case.'" *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 981 (N.D. Ill. 2010) (citation omitted). Szany's objection to this cost is sustained and $101.20 in costs sought by Hammond will be disallowed.

- Szany objects generally to "Shipping and Delivery Fees." It's unclear exactly what she is referring to, but it appears to relate to a $15.00 shipping charge relating to Szany's video deposition which was charged to Hammond. Since these costs were charged, and incidental to the video transcription of the deposition, I see no basis to deny them. Szany's objection to this cost is overruled.

- Szany objects to deposition transcription charges to the extent they exceed the $3.65 rate established by the Judicial Conference. [DE 385 at 7.] Hammond concedes that it sought reimbursement at a rate above the allowed rate for some transcripts and that its costs should be reduced by $193.65. [DE 386 at 7.] Szany's objection to this cost is sustained and $193.65 in costs sought by Hammond will be disallowed.

- Szany objects to a court reporter's minimum appearance fee of $112.50 related to the deposition of Michael Leimbach. Both sides point me to

> District Court decisions, some which have held such costs are recoverable as incidental to transcription, others which have held them not recoverable because they are in excess of the per-page cost allowed. I need no resolve this apparent conflict because the Seventh Circuit already has, stating: "[a]s for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)." *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Here, because Hammond incurred this fee and there's no reason to find it to have been unreasonably incurred at the time, I will allow it. Szany's objection to this cost is overruled.

- Szany objects to the $40 witness fee paid to Mr. Leimbach for his deposition. [DE 385 at 8.] The basis for her objection is that while Hammond submitted a check in that amount made out to Leimbach, it did not submit evidence that this check was actually cashed or deposited. She cites no authority requiring such a level of proof, although I agree such evidence would be great in a perfect world. But a party's backup for its costs need not be perfect and there is no reason to think Hammond is committing fraud on the Court and trying to extract costs it did not actually incur. Szany's objection to this cost is overruled.

- Szany objects to the deposition appearance fees and transcript costs sought by Defendant Garcia on some of the same basis rejected above and on the basis that such costs are duplicative of those sought by Hammond. [DE 384 at 4-5.] To the extent her arguments against Garcia overlap with Hammond, they are without merit. Furthermore, Garcia has offered up evidence of the three checks paid for the specific depositions

in question, which are not duplicative of costs sought by Hammond. [DE 389-1, 389-2, 389-3.] Szany's objections to these costs are overruled.

ACCORDINGLY: Plaintiff Denise Szany's Objections to Defendant Jaime Garcia's Bill of Costs [DE 384] are OVERRULED; Plaintiff Denise Szany's Objections to Defendant City of Hammond's Bill of Costs [DE 385] are OVERRULED in part and SUSTAINED in part. Hammond's allowable costs are reduced, as discussed above, by $294.85.

Plaintiff Denise Szany is ORDERED to pay costs to Defendant Jaime Garcia in the amount of $1910.20 and to Defendant City of Hammond in the amount of $6,263.45.

SO ORDERED on August 21, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT